**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| LORD ABBETT AFFILIATED FUND, INC., *et al.*, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>NAVIENT CORPORATION, *et al.*,<br><br>    Defendants. | Case No. 1:16-cv-112-GMS |

**REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**

Steven E. Fineman (admitted *pro hac vice*)
Joy A. Kruse (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice*)
Michael J. Miarmi (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
sfineman@lchb.com
jakruse@lchb.com
dchiplock@lchb.com
mmiarmi@lchb.com

[Additional counsel listed on signature page]

*Counsel for Lead Plaintiff the Lord Abbett Funds and Lead Counsel for the Proposed Class*

**MORRIS AND MORRIS LLC**
**COUNSELORS AT LAW**

Patrick F. Morris (Del. Bar No. 3015)
Karen L. Morris (Del. Bar No. 2899)
R. Michael Lindsey (Del. Bar No. 2711)
4001 Kennett Pike, Suite 300
Wilmington, DE 19807
Telephone: (302) 426-0400
Facsimile: (302) 426-0406
pmorris@morrisandmorrislaw.com
kmorris@morrisandmorrislaw.com
rmlindsey@morrisandmorrislaw.com

*Liaison Counsel for Lead Plaintiff the Lord Abbett Funds and the Proposed Class*

Contrary to Defendants' assertions, the law permits the Court to take judicial notice of the three recently filed government actions against Navient, and those actions are relevant to allegations in Plaintiffs' Complaint ("CAC"). Defendants' own authority confirms that because "the filing of [government] complaint[s] against [Navient] is indisputable," the Court can judicially notice the fact they were filed. *Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 n.* (4th Cir. 2004). Indeed, the Third Circuit in *Schmidt v. Skolas*, which Defendants cite, noted courts deciding motions to dismiss can consider "matters of public record." 770 F.3d 241, 249 (3d Cir. 2014) (citation and internal quotation marks omitted). That the government complaints "were perceived"—*by Defendants*—as "politically-motivated filings" (D.I. 49 at 3; *see also* D.I. 49-1) is irrelevant. Further, the actions arose from investigations discussed in the CAC (*see, e.g.*, CAC ¶¶ 113, 186) and in Defendants' motion to dismiss (*see* D.I. 39 at 16). Nor does the rule (noted in authorities Defendants cite) that parties cannot supplement a pleading through their briefs[1] preclude taking judicial notice of government actions filed after plaintiffs have filed their complaint and an opposition to a motion to dismiss.

The Court should also judicially notice the allegations in the government actions, without assuming their truth. The fact that those allegations are consistent with Plaintiffs' allegations[2] is

---

[1] *See Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (declining to consider factual statement introduced in plaintiff's briefs); *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1400 (3d Cir. 1991) (noting "[defendant]'s improper attempt to place before the district court additional facts favorable to it in its motion to dismiss").

[2] *See, e.g.*, CAC ¶ 21 ("As confirmed by former Navient employees, the accounts of borrowers who experienced difficulty meeting their payment obligations were recorded as current by means of an excessive and indiscriminate . . . use of forbearances, regardless of whether doing so would ultimately serve the borrowers' interests."); D.I. 45-1 (CFPB Compl.) ¶ 53 ("Navient [Solutions, Inc.] . . . enrolled an immense number of borrowers in multiple consecutive forbearances, even though they had clearly demonstrated a long-term inability to repay their loans.").

properly the subject of judicial notice,[3] and further undermines Defendants' motion to dismiss.

Finally, Defendants mischaracterize this Court's ruling in *Zazzali v. Alexander Partners, LLC*, No. 12-828-GMS, 2013 WL 5416871 (D. Del. Sept. 25, 2013) (Sleet, J.). They cite the case for the purported proposition that "where plaintiffs seek to advance allegations not present in a complaint, the 'allegation should be appropriately amended consistent with Zazzali's responsibilities under Rule 11.'" D.I. 49 at 3 n.4 (quoting *Zazzali*, 2013 WL 5416871, at *7 n.9, and further citing *id.* at *12 n.18). But the Court did not there address "allegations not present in a complaint," but rather questioned the accuracy of certain allegations already in the complaint:

> [W]hile the court believes that Zazzali has satisfied his pleading responsibilities in identifying the certifications as material misrepresentations, it has some reason to doubt the complete accuracy of the underlying allegations. To the extent this skepticism is warranted and Zazzali's allegation that each of the defendants made the certification was inadvertent, *that allegation should be appropriately amended consistent with Zazzali's responsibilities under Rule 11*.

2013 WL 5416871, at *7 n.9 (emphasis added); *see also id.* at *12 n.18 ("If Zazzali intended to allege only that the broker dealer firms and their registered representatives made these misrepresentations, he is instructed to seek an appropriate amendment consistent with his responsibilities under Rule 11."). *Zazzali* thus does not direct that Plaintiffs must seek to amend the CAC to include new information that (1) was disclosed after Plaintiffs filed the CAC and their motion-to-dismiss opposition, and (2) is properly subject to judicial notice.[4]

---

[3] *See, e.g.*, *In re Peregrine Sys., Inc.*, 311 B.R. 679, 691-92 (D. Del. 2004) (Jordan, J.) (taking judicial notice "of the existence and contents of" a hearing transcript, orders, and other court filings "without making any determination regarding the truth of any facts represented therein").

[4] Defendants' argument that "amendment to include allegations in the [government] complaints would be futile in any event" (D.I. 49 at 3 n.5) is improper on this request for judicial notice and irrelevant to the request. Their assertion is, moreover, incorrect, both because the CAC as it currently stands satisfies the governing pleading standards and because the addition of allegations from the government actions would only further support Plaintiffs' allegations.

February 8, 2017

**MORRIS AND MORRIS LLC
COUNSELORS AT LAW**

By: */s/ Patrick F. Morris*

Patrick F. Morris (Del. Bar No. 3015)
Karen L. Morris (Del. Bar No. 2899)
R. Michael Lindsey (Del. Bar No. 2711)
4001 Kennett Pike, Suite 300
Wilmington, DE 19807
Telephone: (302) 426-0400
Facsimile: (302) 426-0406
pmorris@morrisandmorrislaw.com
kmorris@morrisandmorrislaw.com
rmlindsey@morrisandmorrislaw.com

*Liaison Counsel for Lead Plaintiff the Lord Abbett Funds and the Proposed Class*

**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**

Steven E. Fineman (admitted *pro hac vice*)
Joy A. Kruse (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice*)
Michael J. Miarmi (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
sfineman@lchb.com
jakruse@lchb.com
dchiplock@lchb.com
mmiarmi@lchb.com

Richard M. Heimann (admitted *pro hac vice*)
Bruce W. Leppla (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
rheimann@lchb.com
bleppla@lchb.com

*Counsel for Lead Plaintiff the Lord Abbett Funds and Lead Counsel for the Proposed Class*