# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LORD ABBETT AFFILIATED FUND, INC., *et al.*, Individually and On Behalf of All Others Similarly Situated, | C.A. No. 16-112-MN |
| *Plaintiffs*, | Judge Maryellen Noreika |
| v. | |
| NAVIENT CORPORATION, *et al.*, | |
| *Defendant*s. | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated as of November 16, 2021 (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into between (a) lead plaintiffs and class representatives Lord Abbett Affiliated Fund, Inc., Lord Abbett Equity Trust–Lord Abbett Calibrated Mid Cap Value Fund, Lord Abbett Bond-Debenture Fund, Inc., and Lord Abbett Investment Trust–Lord Abbett High Yield Fund (collectively, the "Lord Abbett Funds" or "Lead Plaintiffs"), on behalf of themselves and the plaintiff classes certified by the Court (the "Classes," as defined in ¶ 1(h) below); and (b) defendant Navient Corporation ("Navient" or the "Company"); defendants John F. Remondi, Somsak Chivavibul, John Kane, William M. Diefenderfer, III, Ann Torre Bates, Diane Suitt Gilleland, Linda Mills, Barry A. Munitz, Steven L. Shapiro, Jane J. Thompson, and Barry L. Williams (collectively, the "Individual Defendants"); and defendants Barclays Capital Inc., Credit Suisse Securities USA LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co. (n/k/a Goldman Sachs & Co. LLC), J.P. Morgan Securities, LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.), RBC Capital Markets, LLC, RBS Securities Inc. (n/k/a NatWest Markets Securities Inc.), and Wells Fargo Securities,

1

LLC (collectively, the "Underwriter Defendants," and together with Navient and the Individual Defendants, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Exchange Act Claims (defined below) and Released Securities Act Claims (defined below) against Defendants.

WHEREAS:

A.     On or about February 26, 2016, a securities class action brought on behalf of investors in the publicly traded securities of Navient was filed in the United States District Court for the District of Delaware (the "Court").

B.     On June 30, 2016, the Court entered an Order which, among other things, appointed the Lord Abbett Funds as Lead Plaintiffs for the putative class pursuant to the Private Securities Litigation Reform Act of 1995; approved the Lord Abbett Funds' selection of Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") as Lead Counsel; appointed Morris and Morris LLC as Liaison Counsel for the class; and ordered that any subsequently filed, removed, or transferred actions related to the claims asserted in the actions be consolidated for all purposes as *Lord Abbett Affiliated Fund, Inc., et al. v. Navient Corp., et al.,* Master File No. 1:16-cv-112.

C.     On September 28, 2016, Lead Plaintiffs filed the Consolidated Amended Class Action Complaint (the "First Amended Complaint"). The First Amended Complaint asserted claims against Defendants Navient, Remondi, and Chivavibul under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; against

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

Defendants Remondi and Chivavibul under Section 20(a) of the Exchange Act; against Defendants Navient, Remondi, Chivavibul, Diefenderfer, Bates, Gilleland, Mills, Munitz, Shapiro, Thompson, Williams, and the Underwriter Defendants under Section 11 of the Securities Act of 1933 ("Securities Act"); against the Underwriter Defendants under Section 12(a)(2) of the Securities Act; and against Defendants Remondi, Chivavibul, Diefenderfer, Bates, Gilleland, Mills, Munitz, Shapiro, Thompson, and Williams under Section 15 of the Securities Act.

D.      On November 10, 2016, Defendants Navient, Remondi, and Chivavibul filed their motion to dismiss the First Amended Complaint ("First Motion to Dismiss"). On November 14, 2016, the Underwriter Defendants filed a Joinder to the First Motion to Dismiss. On December 29, 2016, Lead Plaintiffs filed their memorandum of law in opposition to the First Motion to Dismiss and, on January 30, 2017, Defendants Navient, Remondi, and Chivavibul filed their reply memorandum of law, to which the Underwriter Defendants again filed a Joinder.

E.      On September 6, 2017, the Court issued an Opinion and accompanying Order granting Defendants' Motion to Dismiss without prejudice, and gave Lead Plaintiffs leave to file an amended complaint by November 5, 2017.

F.      On November 3, 2017, the Court approved the parties' Joint Stipulation to allow Lead Plaintiffs' to file their Second Amended Complaint by November 17, 2017.

G.      On November 17, 2017, Lead Plaintiffs filed the operative complaint in the Action, the Second Amended Complaint (the "Complaint"). The Complaint asserts the same claims as the First Amended Complaint against all Defendants as well as Defendant Kane, and alleges that, between April 17, 2014 and December 28, 2015, inclusive ("Class Period"), Defendants made false or misleading statements of material fact concerning, *inter alia*, (1) Navient's loan portfolios, including Navient's forbearance practices, reported provisions for loan losses and related metrics

3

for its private education loan portfolio, credit quality, and internal controls (the "Loan Statements"); (2) Navient's compliance with governing laws and regulations (the "Compliance Statements"); and (3) Navient's credit facilities (the "Credit Facility Statements").

H.    On January 16, 2018, all Defendants filed their motion to dismiss the Complaint ("Second Motion to Dismiss"). On March 3, 2018, Lead Plaintiffs filed their memorandum of law in opposition to the Second Motion to Dismiss, and, on April 16, 2018, Defendants served their reply memorandum of law in support of the Second Motion to Dismiss.

I.    On September 9, 2018, the Action was reassigned to the Honorable Maryellen Noreika.

J.    On January 29, 2019, the Court issued an Opinion and accompanying Order granting-in-part and denying-in-part the Second Motion to Dismiss. The Court dismissed all claims based on the Compliance Statements and the Exchange Act claims based on the Credit Facility Statements, and denied Defendants' Motion to Dismiss in all other respects. The Securities Act and Exchange Act claims based on the Compliance Statements were dismissed with prejudice; and the Exchange Act claims based on the Credit Facility Statements were dismissed without prejudice.

K.    On March 29, 2019, Defendants filed their Answers to the Complaint.

L.    On April 24, 2019, Lead Plaintiffs filed a Stipulation and Proposed Order Substituting Lead Counsel, replacing Lieff Cabraser with Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel and replacing Morris and Morris LLC with Friedlander & Gorris, P.A. ("Friedlander & Gorris") as Liaison Counsel.

M.      On April 26, 2019, the Court approved Lead Plaintiff's Stipulation Substituting Lead Counsel, appointing Bernstein Litowitz as Lead Counsel and Friedlander & Gorris as Liaison Counsel.

N.      Discovery in the Action commenced on May 17, 2019. Pursuant to detailed document requests and substantial negotiations, Defendants and third parties produced more than 600,000 documents, totaling more than 5.5 million pages, to Lead Plaintiffs. Lead Plaintiffs produced more than 75,000 documents, totaling more than 530,000 pages, to Defendants. Lead Plaintiffs also served subpoenas on and negotiated document discovery with six (6) third parties. In addition, Lead Plaintiffs deposed fifteen (15) fact witnesses, including Defendants Remondi, Chivavibul, Kane and other former senior executives of the Company, and actively participated in the depositions of three (3) other fact witnesses noticed for deposition by Defendants. The parties also served and responded to interrogatories and requests for admission and exchanged numerous letters, including disputes between the parties and with nonparties, concerning discovery issues. While the Parties were able to resolve many of those disputes, several were raised to the Court, and in certain instances the Court conducted hearings on those disputes.

O.      In addition, while discovery was ongoing, on September 6, 2019, Lead Plaintiffs filed a motion for class certification (the "Class Certification Motion"). The Parties thereafter produced documents, deposed each other's experts, and filed their opposition and reply briefs regarding Lead Plaintiffs' Class Certification Motion.

P.      On November 5, 2019, Defendants filed their opposition to the Class Certification Motion.

Q.      On December 20, 2019, Lead Plaintiffs filed their reply memorandum of law in further support of the Class Certification Motion.

R.      On July 23, 2020, the Court entered an order allowing Defendants to file a sur-reply responding to the arguments made by Lead Plaintiffs in their reply memorandum in further support of the Class Certification Motion. As ordered by the Court, Defendants filed their sur-reply on August 3, 2020.

S.      On August 7, 2020, Lead Plaintiffs filed a motion for leave to file sur-sur-reply and accompany sur-sur-reply in response to the arguments raised in the sur-reply filed by Defendants.

T.      On August 25, 2020, the Court entered an Order granting-in-part and denying-in-part Lead Plaintiffs' Class Certification Motion, and denied Lead Plaintiffs' motion to file a sur-sur-reply.

U.      On September 2, 2020 the Court issued an Order certifying the Classes (as defined in ¶ 1(h) below), appointing Lead Plaintiffs as Class Representatives, and appointing Bernstein Litowitz as Class Counsel.

V.      Expert discovery commenced November 3, 2020. Lead Plaintiffs served opening, reply, and supplemental expert reports from four experts in the fields of accounting, the student loan industry, statistics, and damages. Defendants served opening and reply expert reports from two experts in the fields of damages and underwriter due diligence. Lead Plaintiffs served rebuttal expert reports from two experts in the fields of damages and underwriter due diligence. Defendants served rebuttal expert reports from five experts in the fields of accounting, the student loan industry, and damages. The Parties took the depositions of all eleven (11) experts who had submitted reports.

W.      At the close of fact and expert discovery, on July 20, 2021, Defendants filed their motion for summary judgment and motion to preclude expert opinions and testimony by certain of Plaintiffs' experts. Also on July 20, 2021, Lead Plaintiffs likewise filed their motion to exclude

certain opinions and testimony of Defendants' experts. On August 17, 2021, Lead Plaintiffs filed their opposition to Defendants' motion for summary judgment and motion to preclude the testimony of Lead Plaintiffs' experts. The same day, Defendants filed their opposition to Lead Plaintiffs' motion to exclude the opinions and testimony of Defendants' experts. The parties fully briefed summary judgment and motions to exclude expert opinion by September 13, 2021, which ultimately comprised 225 pages of briefing and thousands of pages of exhibits.

X.      After the Court issued an Order certifying the Classes, Lead Plaintiffs thereafter negotiated with Defendants on the form and manner of providing notice to potential Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Classes; and (iii) their right to request to be excluded from the Classes, the effect of remaining in the Classes or requesting exclusion, and the requirements and deadline for requesting exclusion (the "Class Notice"). The Parties came to an agreement on the terms of the Class Notice, and on April 8, 2021, Lead Plaintiffs filed an unopposed motion requesting the Court to approve the Class Notice.

Y.      On April 12, 2021, the Court entered an Order granting Lead Plaintiffs' unopposed motion to approve the Class Notice (the "Class Notice Order").

Z.      Pursuant to the Class Notice Order, the Class Notice provided Class Members with the opportunity to request exclusion from the Classes, explained that right, and set forth the deadline and procedures for doing so. The Class Notice informed Class Members that they may not have another opportunity to exclude themselves or otherwise opt out of the Action. The Class Notice also informed Class Members that if they chose to stay in the lawsuit as a member of the Classes, they would "be bound by any settlement or judgment in this Action," including "any unfavorable judgment which may be rendered in favor of Defendants."

AA.     The deadline for requesting exclusion from the Classes pursuant to the Class Notice was July 9, 2021. Attached hereto as Appendix 1 is a list of the persons and entities who requested exclusion pursuant to the Class Notice.

BB.     A mediation session before former United States District Court Judge Layn R. Phillips was held on September 28, 2021. In advance of that mediation session, the parties submitted their summary judgment briefing, among other things. During the mediation session, Judge Phillips made a mediator's recommendation to negotiate within a narrowed range that he independently believed was reasonable. Both parties accepted the range, and, after additional negotiations, Judge Phillips made a mediator's proposal to settle at $35 million, which was within the agreed range. However, the parties were unable to agree to settlement terms that day.

CC.     By October 1, 2021, the parties had agreed to the mediator's proposal and had an agreement in principle to settle the Action at $35 million. The parties continued to negotiate the term sheet memorializing the agreement in principle to settle the Action (the "Term Sheet") for a few additional days, and ultimately executed the Term Sheet on October 8, 2021. The Term Sheet sets forth, among other things, the parties' agreement to settle and release all claims against Defendants in return for a cash payment by or on behalf of Navient and the Individual Defendants of $35,000,000 (United States Dollars) in cash for the benefit of the Classes, subject to certain terms and conditions and the execution of this Stipulation, which (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

DD.     Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Classes, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with

the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Exchange Act Claims and Released Securities Act Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Classes will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

EE.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Classes) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, (a) all Released Exchange Act Claims by the Exchange Act Class as against the Defendants' Releasees; (b) all Released Securities Act Claims by the Securities

Act Class as against the Defendants' Releasees; and (c) all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

### DEFINITIONS

1.       As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)       "Action" means the consolidated securities class action styled *Lord Abbett Affiliated Fund, Inc., et al. v. Navient Corporation, et al.*, No. 1:16-cv-00112-MN, and includes all actions consolidated therein.

(b)       "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)       "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)       "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)       "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)       "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)       "Claims  Administrator"  means  the  administrator,  JND  Legal Administration, retained by Lead Counsel on behalf of the Classes and approved by the Court in

the Class Notice Order, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

        (h)    "Classes" means the classes certified by the Court's Order dated September 2, 2020 (ECF No. 174). Specifically, the Classes consist of:

        (i)    For claims brought pursuant to the Securities Exchange Act of 1934 (the "Exchange Act Class"): all persons and entities who purchased or otherwise acquired Navient's common stock or Navient call options, or sold Navient put options, from April 17, 2014 through September 29, 2015, inclusive (the "Exchange Act Class Period")—and who were damaged thereby. For the avoidance of doubt, the Exchange Act Class includes all persons and entities who received shares as part of Navient's formation through a spin-off from Sallie Mae.

        (ii)    For claims brought pursuant to the Securities Act of 1933 (the "Securities Act Class"): all persons and entities who purchased or otherwise acquired Navient's 5.000% Senior Notes due 2020 (CUSIP 63938CAA6), 5.875% Senior Notes due 2024 (CUSIP 63938CAB4), and 5.875% Senior Notes due 2021 (CUSIP 63938CAC2) (collectively, "Navient Senior Notes") from November 6, 2014 through December 28, 2015, inclusive (the "Securities Act Class Period")— and who were damaged thereby.

Excluded from both Classes are: Defendants, their officers and directors, all members of their immediate families, their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have a majority ownership interest. Also excluded from the Classes are (i) the persons and entities listed in Appendix 1 to this Stipulation who requested exclusion from the Classes in connection with the Class Notice; and (ii) if, and only if, the Court requires an additional

opportunity for Class Members to request exclusion from the Classes, any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Settlement Notice.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Class Member" means each person and entity who or which is a member of one or both of the Classes.

(k)     "Complaint" means the Second Amended Class Action Complaint filed by Lead Plaintiffs in the Action on November 17, 2017 (ECF No. 174).

(l)     "Court" means the United States District Court for the District of Delaware.

(m)     "Defendants" means Navient, the Individual Defendants, and the Underwriter Defendants.

(n)     "Defendants' Counsel" means Latham & Watkins LLP, counsel for Navient and the Individual Defendants, and Shearman & Sterling LLP, counsel for the Underwriter Defendants.

(o)     "Defendants' Releasees" means Defendants and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

(p)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Stipulation have been met and have occurred or have been waived.

(q)     "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(r)     "Escrow Agent" means The Huntington National Bank.

(s)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(t)     "Exchange Act Class Period" means the period from April 17, 2014 through September 29, 2015, inclusive.

(u)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(v)     "Navient" or the "Company" means Navient Corporation.

(w)     "Navient Defendants" means Navient and the Individual Defendants.

(x)     "Individual Defendants" means John F. Remondi, Somsak Chivavibul, John Kane, William M. Diefenderfer, III, Ann Torre Bates, Diane Suitt Gilleland, Linda Mills, Barry A. Munitz, Steven L. Shapiro, Jane J. Thompson, and Barry L. Williams.

(y)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(z)     "Lead Counsel" means Bernstein Litowitz Berger & Grossmann LLP.

(aa)    "Lead Plaintiffs" or "Lord Abbett Funds" means Lord Abbett Affiliated Fund, Inc., Lord Abbett Equity Trust–Lord Abbett Calibrated Mid Cap Value Fund, Lord Abbett Bond-Debenture Fund, Inc., and Lord Abbett Investment Trust–Lord Abbett High Yield Fund.

(bb)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Classes), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(cc)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(dd)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Classes (including, but not limited to, the costs associated with the Class Notice and the Settlement Notice); and (ii) administering the Settlement, including but not limited to the

Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ee)     "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Classes.

(ff)     "Plaintiffs' Counsel" means Lead Counsel and Friedlander & Gorris, P.A. and Lead Plaintiffs' prior counsel who were previously counsel of record in this action, including Lieff Cabraser and Morris and Morris LLC.

(gg)     "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, all other Class Members, and Plaintiffs' Counsel, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

(hh)     "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Settlement Notice.

(ii)     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Classes.

(jj)     "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(kk)     "Released Claims" means all Released Defendants' Claims, all Released Exchange Act Claims, and all Released Securities Act Claims.

(ll)     "Released Class Claims" means, collectively, the Released Exchange Act Claims and the Released Securities Act Claims.

(mm)   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, in each case based on, arising out of, or in connection with the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include any of the following claims: (i) claims relating to the enforcement of the Settlement; (ii) claims against the persons and entities who submitted a request for exclusion from the Classes in connection with the Class Notice (as set forth in Appendix 1 hereto); or (iii) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Classes with respect to the Settlement, claims against any persons or entities who submit a request for exclusion from the Classes in connection with the Settlement Notice ("Excluded Defendants' Claims").  For the avoidance of doubt, nothing in this Stipulation releases or applies to ordinary course business dealings between Lead Plaintiffs and the Underwriter Defendants unrelated to the Action.

(nn)   "Released Exchange Act Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that: (1) Lead Plaintiffs or any other member of the Exchange Act Class (a) asserted in the Complaint under the Securities Exchange Act of 1934 ("Exchange Act") or (b) could have asserted in the Complaint arising out of, based upon, or relating to the allegations, acts, facts, transactions, events, matters, occurrences, statements or omissions involved, set forth, alleged, or referred to in the Complaint; *and* (2) relate to the purchase, acquisition, sale, disposition, or holding of Navient common stock, Navient call

options, or Navient put options, during the Exchange Act Class Period. The Released Exchange Act Claims do not cover, include, or release: (i) claims asserted in any ERISA, derivative, consumer, or governmental action, including without limitation the claims asserted in *Pope v Navient,* 17-cv-08373 (D.N.J.), *CFPB v. Navient,* 17-cv-00101 (M.D. Pa), *Manetta v. Navient,* 20-cv-07712 (D.N.J.), *State of Mississippi v. Navient Corp., et al.,* No. 25CH1:18-cv-00982 (Miss. Ch. Ct. Hinds Cnty.), *People of the State of California v. Navient,* CGC-18-567732 (Cal. Superior Court, San Francisco Cnty.), *Commonwealth of Pennsylvania v. Navient,* 17-cv-1814 (M.D. Pa), *People of the State of Illinois v Navient,* 17 CH 761 (Cook Cty Cir. Ct, Chancery Division, Ill.), *State of Washington v Navient,* 17-2-01115-1 SEA (King County, Wash.), *Buffalo Grove Police Pension Fund, et al., v. Diefenderfer, III, et al.,* No. 2:19-cv-00062 (E.D. Pa.), *Daniel, et al., v. Navient Solutions, LLC,* No. 8:17-cv-0250 (M.D. Fl.), *Demyanenko-Todd, et al., v. Navient Corp., et al.,* No. 3:17-cv-00772 (M.D. Pa.), *Hyland, et al., v. Navient Corp., et al.,* No. 1:18-cv-09031 (S.D.N.Y.), *Travis, et al., v. Navient Corp., et al.,* No. 2:17-cv04885 (E.D.N.Y.), *Grewal v Navient,* NJ ESX-C-172-20 (Essex County, N.J.), *Hyland v. Navient,* 18-cv-09031 (S.D.N.Y.), or *Baker v. Navient,* 17-cv-1160 (E.D. Va.) or any cases consolidated into, or related to, those actions; (ii) claims relating to the enforcement of the Settlement; (iii) claims of the persons and entities who submitted a request for exclusion from the Exchange Act Class in connection with the Class Notice (as set forth in Appendix 1 hereto); or (iv) if, and only if, the Court requires an additional opportunity for Class Members to request exclusion from the Exchange Act Class with respect to the Settlement, claims of any persons or entities who submit a request for exclusion from the Exchange Act Class in connection with the Settlement Notice ("Excluded Exchange Act Claims").

(oo)    "Released Securities Act Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state,

common, or foreign law, whether class or individual in nature, that: (1) Lead Plaintiffs or any other member of the Securities Act Class (a) asserted in the Complaint under the Securities Act of 1933 or (b) could have asserted in the Complaint arising out of, based upon, or relating to the allegations, acts, facts, transactions, events, matters, occurrences, statements or omissions involved, set forth, alleged, or referred to in the Complaint; and (2) relate to the purchase, acquisition, sale, disposition, or holding of Navient Senior Notes during the Securities Act Class Period. The Released Securities Act Claims do not cover, include, or release: (i) claims asserted in any ERISA, derivative, consumer, or governmental action, including without limitation the claims asserted in *Pope v Navient,* 17-cv-08373 (D.N.J.), *CFPB v. Navient,* 17-cv-00101 (M.D. Pa), *Manetta v. Navient,* 20-cv-07712 (D.N.J.), *State of Mississippi v. Navient Corp., et al.,* No. 25CH1:18-cv-00982 (Miss. Ch. Ct. Hinds Cnty.), *People of the State of California v. Navient,* CGC-18-567732 (Cal. Superior Court, San Francisco Cnty.), *Commonwealth of Pennsylvania v. Navient,* 17- cv-1814 (M.D. Pa), *People of the State of Illinois v Navient,* 17 CH 761 (Cook Cty Cir. Ct, Chancery Division, Ill.), *State of Washington v Navient,* 17-2-01115-1 SEA (King County, Wash.), *Buffalo Grove Police Pension Fund, et al., v. Diefenderfer, III, et al.,* No. 2:19-cv-00062 (E.D. Pa.), *Daniel, et al., v. Navient Solutions, LLC,* No. 8:17-cv0250 (M.D. Fl.), *Demyanenko-Todd, et al., v. Navient Corp., et al.,* No. 3:17-cv-00772 (M.D. Pa.), *Hyland, et al., v. Navient Corp., et al.,* No. 1:18-cv-09031 (S.D.N.Y.), *Travis, et al., v. Navient Corp., et al.,* No. 2:17-cv-04885 (E.D.N.Y.), *Grewal v. Navient,* NJ ESX-C-172-20 (Essex County, N.J.), *Hyland v. Navient,* 18-cv-09031 (S.D.N.Y.), or *Baker v. Navient,* 17-cv-1160 (E.D. Va.) or any cases consolidated into, or related to, those actions; (ii) claims relating to the enforcement of the Settlement; (iii) claims of the persons and entities who submitted a request for exclusion from the Securities Act Class in connection with the Class Notice (as set forth in Appendix 1 hereto); or (iv) if, and only if, the Court requires an additional

opportunity for Class Members to request exclusion from the Securities Act Class with respect to the Settlement, claims of any persons or entities who submit a request for exclusion from the Securities Act Class in connection with the Settlement Notice ("Excluded Securities Act Claims").

(pp)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(qq)    "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(rr)    "Securities Act Class Period" means the period from November 6, 2014 through December 28, 2015, inclusive.

(ss)    "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(tt)    "Settlement Amount" means $35,000,000 (United States Dollars) in cash.

(uu)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(vv)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ww)    "Settlement Notice" means the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Class Members.

(xx)    "Summary Settlement Notice" means the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(yy)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(zz)    "Underwriter Defendants" means Barclays Capital Inc., Credit Suisse Securities USA LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co. (n/k/a Goldman Sachs & Co. LLC), J.P. Morgan Securities, LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.), RBC Capital Markets, LLC, RBS Securities Inc. (n/k/a NatWest Markets Securities Inc.), and Wells Fargo Securities, LLC.

(aaa)    "Unknown Claims" means any Released Exchange Act Claims which Lead Plaintiffs or any other member of the Exchange Act Class does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, any Released Securities Act Claims which Lead Plaintiffs or any other member of the Securities Act Class does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or

territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      Within three (3) business days of execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Classes, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Lead Plaintiffs shall coordinate with Defendants in this effort, including the sharing of drafts and use of best efforts to reach agreement on its contents. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

4.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement:

21

(a)     Lead Plaintiffs and each of the other members of the Exchange Act Class, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Exchange Act Claims against Defendants and the other Defendants' Releasees, whether or not such Exchange Act Class Member executes and delivers the Proof of Claim Form, and whether or not such Exchange Act Class Member shares or seeks to share in the Settlement Fund, and shall forever be barred and enjoined from prosecuting any and all Released Exchange Act Claims against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Exchange Act Claims; and

(b)     Lead Plaintiffs and each of the other members of the Securities Act Class, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Securities Act Claims against Defendants and the other Defendants' Releasees, whether or not such Securities Act Class Member executes and delivers the Proof of Claim Form, and whether or not such Securities Act Class Member shares or seeks to share in the Settlement Fund, and shall forever be barred and enjoined from prosecuting any and all Released Securities Act Claims against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Securities Act Claims.

5.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their

capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Defendants' Claims.

6. Notwithstanding ¶¶ 4-5 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

7. In consideration of (i) the settlement and release of the Released Exchange Act Claims by members of the Exchange Act Subclass; and (ii) the settlement and release of the Released Securities Act Claims by members of the Securities Act Subclass, Navient and the Individual Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than twenty (20) business days after the later of (a) the date of entry by the Court of an order preliminarily approving this Settlement, and (b) the provision to Defendants of information necessary to effectuate a payment of funds, including the beneficiary account name, the U.S. bank name, address, account number and ABA bank code, and the payment reference. The Underwriter Defendants bear no responsibility for the Settlement Amount.

## USE OF SETTLEMENT FUND

8. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance

remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 17-29 below.

9.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

10.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k) for the Settlement Fund. Lead Counsel shall also be responsible for

24

causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

11.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

12.    The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

13.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. The Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Class Notice and Settlement Notice, publishing the Summary Settlement Notice, reimbursements to nominee owners for forwarding the Class Notice or Settlement Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

14.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Classes, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

15.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed

objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

16.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

17.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of the Claims Administrator. The Claims Administrator shall administer the Settlement, including

but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Class Members, or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

18.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Settlement Notice and Proof of Claim Form to all persons or entities who were previously mailed copies of the Class Notices and any other potential Class Members who may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Settlement Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

19.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b). The Parties agree that any delay by

Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

20.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Settlement Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21.     The Plan of Allocation proposed in the Settlement Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any of the other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.     Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Release(s) applicable to such Class Member provided for herein and therein, and will be permanently barred and enjoined from bringing any action asserting any of the Released Class Claims applicable to him, her, or it against any and all

of the Defendants' Releasees in the event that the Effective Date occurs with respect to the Settlement.

23.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, nor any of the other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

24.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in its discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notice. Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and

the Release(s) applicable to such Class Member provided for herein and therein, and will be permanently barred and enjoined from bringing any action asserting any of the Released Class Claims applicable to him, her, or it against any and all of the Defendants' Releasees in the event that the Effective Date occurs with respect to the Settlement. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve

upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

26.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Release(s) applicable to them provided for herein and therein, and will be permanently barred and enjoined

from bringing any action asserting any of the Released Class Claims applicable to them against any and all of the Defendants' Releasees.

28.     No person or entity shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Plaintiffs' Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

29.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

30.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## <u>DISAPPROVAL, CANCELLATION OR TERMINATION</u>

31.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 7 above;

(c)     the Navient Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)     Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Classes and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

32.     Upon the occurrence of all of the events referenced in ¶ 31 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

33.     If (i) the Navient Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on October 8, 2021.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 33 and ¶¶ 13, 15, 37 and 57, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within thirty (30) calendar days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 15 above), less any Notice and Administration Costs actually incurred, paid, or payable, and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). In the event that the funds received by Lead Counsel consistent with ¶ 15 above have not been refunded to the Settlement Fund within the thirty (30) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 15 above.

34.     It is further stipulated and agreed that the Navient Defendants, provided they unanimously agree amongst themselves, and Lead Plaintiffs shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so

("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court, and the provisions of ¶ 33 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

35.     In addition to the grounds set forth in ¶ 34 above, if, and only if, the Court requires that Class Members be given an additional opportunity to exclude themselves from the Classes with respect to the Settlement, in connection with the Settlement Notice, then the Navient Defendants, provided they unanimously agree amongst themselves, shall have the right to terminate the Settlement in the event that members of the Exchange Act Class or Securities Act Class timely and validly requesting exclusion from the Class(es) meet the conditions set forth in the Navient Defendants' confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and, as

applicable, in the Settlement Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and the Navient Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

36.     In addition to the grounds set forth in ¶ 34 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 7 above, by providing written notice of the election to terminate to Defendants' Counsel.

## **NO ADMISSION OF WRONGDOING**

37.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration

proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(d)     *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

38.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

39.     The Navient Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Navient Defendants and not by their counsel.

40.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 33 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 33 above.

41.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted against the Defendants' Releasees by (a) the Exchange Act Class with respect to the Released Exchange Act Claims, and (b) by the Securities Act Class with respect to the Released Securities Act Claims. No Party shall assert any

claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by the Layn R. Phillips, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

42.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. While retaining their right to assert that the claims asserted in the Action were meritorious, Lead Plaintiffs and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was defended in bad faith, nor will they deny that the Action was defended in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

43.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

44.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

46.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

47.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

48.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

50.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the

internal laws of the State of Delaware without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

51.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

52.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

53.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

54.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

55.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to Lead Plaintiffs or Lead Counsel:   Bernstein Litowitz Berger & Grossmann LLP
Attn:  Jeremy P. Robinson, Esq.
1251 Avenue of the Americas
New York, NY 10020

Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
Email:  Jeremy@blbglaw.com

If to Defendants:

Latham & Watkins LLP
Attn:  Christopher S. Turner, Esq.
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Facsimile:  (202) 637-2201
Email:  christopher.turner@lw.com

Shearman & Sterling LLP
Attn:  Adam S. Hakki, Esq.
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  (212) 848-4000
Facsimile:  (646) 848-4924
Email:  ahakki@shearman.com

56.     Except as otherwise provided under this Stipulation, each Party shall bear its own costs and expenses, subject to any rights to indemnification or advancement of costs, expenses, and/or legal fees among Defendants.

57.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

58.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

59.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class

Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of November 16, 2021.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____
Jeremy P. Robinson
Jesse L. Jensen
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Lead Counsel for Lead Plaintiffs and the Classes*

**LATHAM & WATKINS LLP**

By: _____
Abid R. Qureshi
Christopher S. Turner
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

*Counsel for Navient and the Individual Defendants*

**SHEARMAN & STERLING LLP**

By: _____
Adam S. Hakki
Daniel C. Lewis
Daniel Kahn
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000

Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of November 16, 2021.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____
    Jeremy P. Robinson
    Jesse L. Jensen
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400

*Lead Counsel for Lead Plaintiffs and the Classes*

**LATHAM & WATKINS LLP**

By: _____
    Abid R. Qureshi
    Christopher S. Turner
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200

*Counsel for Navient and the Individual Defendants*

**SHEARMAN & STERLING LLP**

By: _____
    Adam S. Hakki
    Daniel C. Lewis
    Daniel Kahn
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  (212) 848-4000

*Counsel for the Underwriter Defendants*

## Appendix 1

1. Camille Addleton Sheats
East Point, GA

2. Lois Wulfhoop
Lorain, OH

3. Loretta Frazier
Lorain, OH

4. Theresa A. Franklin
McLeansville, NC

5. John B. Franklin &
Theresa A. Franklin
McLeansville, NC

6. Jeffery B. McMeans
Bayou Vista, TX

7. UW George Neilson Denton III
Nancy K. Denton, Trustee
San Antonio, TX

8. Arthur Plaggemeier
Las Vegas, NV

9. Elke Plaggemeier
Las Vegas, NV

10. Lenora I. Frankfurter
Robert Franklin, POA
Bothell, WA

# EXHIBIT A

Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LORD ABBETT AFFILIATED FUND, INC.,
*et al.*, Individually and On Behalf of All Others
Similarly Situated,

                       *Plaintiffs*,

           v.

NAVIENT CORPORATION, *et al.*,

                       *Defendant*s.

C.A. No. 16-112-MN

Judge Maryellen Noreika

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
### AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending in this Court entitled *Lord Abbett Affiliated Fund, Inc., et al. v. Navient Corporation, et al.*, No. 1:16-cv-00112-MN (the "Action");

WHEREAS, by Order dated September 2, 2020 (D.I. 174), this Court certified the Action to proceed as a class action on behalf of following classes (the "Classes"):

       (a)     For claims brought pursuant to the Securities Exchange Act of 1934 (the "Exchange Act Class"): all persons and entities who purchased or otherwise acquired Navient Corporation's ("Navient") common stock or Navient call options, or sold Navient put options, from April 17, 2014 through September 29, 2015, inclusive (the "Exchange Act Class Period")—and who were damaged thereby.[1]

       (b)     For claims brought pursuant to the Securities Act of 1933 (the "Securities Act Class"): all persons and entities who purchased or otherwise acquired Navient's 5.000%

---

[1] For the avoidance of doubt, the Exchange Act Class includes all persons and entities who received shares as part of Navient's formation through a spin-off from Sallie Mae.

Senior Notes due 2020 (CUSIP 63938CAA6), 5.875% Senior Notes due 2024 (CUSIP 63938CAB4), and 5.875% Senior Notes due 2021 (CUSIP 63938CAC2) (collectively, "Navient Senior Notes") from November 6, 2014 through December 28, 2015, inclusive (the "Securities Act Class Period")—and who were damaged thereby.[2]

WHEREAS, the Court's September 2, 2020 Order also appointed Lord Abbett Affiliated Fund, Inc., Lord Abbett Equity Trust–Lord Abbett Calibrated Mid Cap Value Fund, Lord Abbett Bond-Debenture Fund, Inc., and Lord Abbett Investment Trust–Lord Abbett High Yield Fund (collectively, the "Lord Abbett Funds" or "Lead Plaintiffs") as Class Representatives for the Classes; and appointed Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel") as Class Counsel for the Classes;

WHEREAS, by Order dated April 12, 2021, the Court approved the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the Classes; (c) their right to request to be excluded from one or both of the Classes; (d) the effect of remaining in the Classes or requesting exclusion; (e) and the requirements for requesting exclusion (D.I. 226) (the "Class Notice Order");

WHEREAS, pursuant to the Class Notice Order, the Class Notice was disseminated to potential Class Members who could be identified through reasonable effort (D.I. 283);

WHEREAS, the Class Notice provided sufficient opportunity for those putative Class Members who wished to exclude themselves from one or both of the Classes to do so;

---

[2] Excluded from both Classes are: Defendants, their officers and directors, all members of their immediate families, their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have a majority ownership interest. Also excluded from the Classes are the persons and entities who requested exclusion from the Classes in connection with the Class Notice, as listed in Appendix 1 to the Stipulation (defined below).

WHEREAS, pursuant to the Class Notice, ten (10) persons and entities requested exclusion from the Classes. A list of the persons and entities who requested exclusion pursuant to the Class Notice is attached as Appendix 1 to the Stipulation;

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Classes, and (b) defendants Navient, John F. Remondi, Somsak Chivavibul, John Kane, William M. Diefenderfer, III, Ann Torre Bates, Diane Suitt Gilleland, Linda Mills, Barry A. Munitz, Steven L. Shapiro, Jane J. Thompson, Barry L. Williams, Barclays Capital Inc., Credit Suisse Securities USA LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co. (n/k/a Goldman Sachs & Co. LLC), J.P. Morgan Securities, LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.), RBC Capital Markets, LLC, RBS Securities Inc. (n/k/a NatWest Markets Securities Inc.), and Wells Fargo Securities, LLC (collectively, "Defendants") have determined to settle all claims asserted against Defendants in the Action and dismiss the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated November 16, 2021 (the "Stipulation") subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Classes, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.      **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on _____, 2022, at __:__ _.m., either in person at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, Courtroom 4A, 844 North King Street, Wilmington, DE 19801-3555, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Classes, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraphs 4 and 5 of this Order.

3.       The Court may adjourn the Settlement Hearing without further notice to the Classes, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Classes.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Classes.  Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the case website for any change in date, time, or format of the hearing.

4.       **Retention of Claims Administrator and Manner of Giving Notice** – JND Legal Administration ("JND") was previously retained to supervise and administer the distribution of the Class Notice and receive and process requests for exclusion from the Classes. Lead Counsel is now authorized to retain JND as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)       Beginning no later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), JND shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail to all potential Class Members who were previously mailed a copy of the Class Notice;

5

(b)     By no later than the Notice Date, JND shall post copies of the Settlement Notice and the Claim Form on the website previously established for the Action, www.NavientSecuritiesLitigation.com;

(c)     By no later than ten (10) business days after the Notice Date, JND shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(d)     By no later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.     **Nominee Procedures** – In connection with the previously disseminated Class Notice, brokers and other nominees ("Nominees") who purchased or otherwise acquired Navient common stock or Navient call options, or sold Navient put options, during the Exchange Act Class Period or purchased or otherwise acquired Navient 5.000% Senior Notes due 2020 (CUSIP 63938CAA6), Navient 5.875% Senior Notes due 2024 (CUSIP 63938CAB4), or Navient 5.875% Senior Notes due 2021 (CUSIP 63938CAC2) during the Securities Act Class Period for the beneficial interest of another were requested to either: (a) provide a list of the names and addresses of all such beneficial owners to JND; or (b) request from JND sufficient copies of the Class Notice to forward to all such beneficial owners and then forward those Class Notices to all such beneficial owners.

(a)     For Nominees who chose the first option (*i.e.*, provided a list of names and addresses of beneficial holders to JND), JND shall, by no later than the Notice Date, mail a copy of the Settlement Notice Packet to each of the beneficial owners whose names and addresses the

Nominee previously supplied.  Unless the Nominee purchased or otherwise acquired Navient common stock or Navient call options, or sold Navient put options, during the Exchange Act Class Period or purchased or otherwise acquired Navient Senior Notes during the Securities Act Class Period for beneficial owners whose names and addresses were not previously provided to JND, or is aware of a name or address change of one of its beneficial owners, such Nominees need not take any further action;

(b)     For Nominees who chose the second option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), JND shall forward the same number of Settlement Notice Packets to such Nominees no later than the Notice Date, and the Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

(c)     For Nominees that purchased or otherwise acquired Navient common stock or Navient call options, or sold Navient put options, during the Exchange Act Class Period or purchased or otherwise acquired Navient Senior Notes during the Securities Act Class Period for beneficial owners whose names and addresses were not previously provided to JND or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to JND, such Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packet, provide a list of the names and addresses of all such beneficial owners to JND, or shall request from JND sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from JND, mail to the beneficial owners; and

7

(d)     Upon full and timely compliance with this Order, Nominees who mail the Settlement Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing JND with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

6.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraphs 4 and 5 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing, and all other relevant

deadlines, shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

7.    **<u>CAFA Notice</u>** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  By no later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

8.    **<u>Participation in the Settlement</u>** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be received or postmarked, if mailed, no later than one hundred and twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Classes.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.    Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional

and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will forever be barred and enjoined from commencing, instituting, maintaining, or prosecuting any of the Released Plaintiffs' Claims against Defendants or any of the other Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11.     **No Second Opportunity to Request Exclusion From the Classes** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Classes in connection with the Class Notice, the Court is exercising its discretion under Rule 23(e)(4) of the Federal Rules of

10

Civil Procedure to not require a second opportunity for Class Members to exclude themselves from the Classes in connection with the Settlement proceedings.

12.     **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 13 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.   Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

13.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|:---:|:---:|
| Bernstein Litowitz Berger & Grossmann LLP | Latham & Watkins LLP |
| Jeremy P. Robinson, Esq. | Christopher S. Turner, Esq. |
| 1251 Avenue of the Americas, 44th Floor | 555 Eleventh Street, NW |
| New York, NY 10020 | Suite 1000 |

Washington, D.C. 20004

Shearman & Sterling LLP
Adam S. Hakki, Esq.
599 Lexington Avenue
New York, NY 10022-6069

14.     Any objections, filings, and other submissions by the objecting Class Member must identify the case name and case number, *Lord Abbett Affiliated Fund, Inc., et al. v. Navient Corporation, et al.*, Case Number 1:16-cv-00112-MN, and they must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector (even if the objector is represented by counsel); (b) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Exchange Act Class or a specific subset of the Securities Act Class, or to the entire Exchange Act Class or the entire Securities Act Class; and (c) include documents sufficient to prove membership in one or both of the Classes.  Members of the Exchange Act Class must include documents showing the number of shares of Navient common stock, the number of Navient call option contracts, and the number of Navient put option contracts that the objecting Class Member purchased/acquired and/or sold during the Exchange Act Class Period (*i.e.*, from April 17, 2014 through September 29, 2015, inclusive), including the dates, number of shares/options, and prices of each such purchase and sale.  Members of the Securities Act Class must include documents showing the face value of Navient 5.000% Senior Notes due 2020, face value of Navient 5.875% Senior Notes due 2024, and face value of Navient 5.875% Senior Notes due 2021 that the objecting Class Member purchased/acquired and/or sold during the Securities Act Class Period (*i.e.*, from November 6, 2014 through December 28, 2015, inclusive), including the dates, face value, and prices of each such purchase and sale.  Documentation establishing

12

membership in the Exchange Act Class or Securities Act Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number.  It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

15.     Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

16.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other Class

Members, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against the Defendants' Releasees.

17.  **Settlement Administration Fees and Expenses** – All Notice and Administration Costs, including the reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

18.  **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.  **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

20.  **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on October 8, 2021, as provided in the Stipulation.

21.   **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):   (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any

15

of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

22.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

23.     **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Maryellen Noreika
United States District Judge

# EXHIBIT A-1

Exhibit A-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LORD ABBETT AFFILIATED FUND, INC., *et al.*, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>NAVIENT CORPORATION, *et al.*,<br><br>*Defendants*. | C.A. No. 16-112-MN<br><br>Judge Maryellen Noreika |

**NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT
HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

TO:   (1) All persons and entities who purchased or otherwise acquired Navient Corporation's ("Navient") common stock or Navient call options, or sold Navient put options, from April 17, 2014 through September 29, 2015, inclusive (the "Exchange Act Class Period")—and who were damaged thereby (the "Exchange Act Class");[1] and

(2) All persons and entities who purchased or otherwise acquired Navient's 5.000% Senior Notes due 2020 (CUSIP 63938CAA6), 5.875% Senior Notes due 2024 (CUSIP 63938CAB4), and 5.875% Senior Notes due 2021 (CUSIP 63938CAC2) (collectively, "Navient Senior Notes," and together with Navient common stock, call options, and put options, "Navient Securities") from November 6, 2014 through December 28, 2015, inclusive (the "Securities Act Class Period")—and who were damaged thereby (the "Securities Act Class," and together with the Exchange Act Class, the "Classes").

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:** This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Delaware (the "Court"). Please be advised that lead plaintiffs and class representatives Lord Abbett Affiliated Fund, Inc., Lord Abbett Equity Trust–Lord Abbett Calibrated Mid Cap Value Fund, Lord Abbett Bond-Debenture Fund, Inc., and Lord Abbett Investment Trust–Lord Abbett High Yield Fund (collectively, the "Lord Abbett Funds" or "Lead Plaintiffs"), on behalf of themselves and the Court-certified Classes (as defined in ¶ 32 below), have reached a proposed settlement of the above-captioned securities class action ("Action") for a total of $35,000,000 in cash that, if

---

[1] For the avoidance of doubt, the Exchange Act Class includes all persons and entities who received shares as part of Navient's formation through a spin-off from Sallie Mae—and who were damaged thereby.

approved, will resolve all claims in the Action (the "Settlement").  The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement dated November 16, 2021 (the "Stipulation").[2]

This Notice is directed to you in the belief that you may be a member of one or both of the certified Classes (a "Class Member").  If you do not meet the definition of at least one of the Classes, or if you previously excluded yourself from the Classes in connection with the Notice of Pendency of Class Action that was mailed to potential Class Members beginning in May 2021 (the "Class Notice"), this Notice does not apply to you.  A list of the persons and entities who previously requested exclusion from the Classes is available at www.NavientSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a Class Member, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's office, Navient, the other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 74 below).**

1. **Description of the Action and the Classes:**  This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Navient, the Individual Defendants,[3] and the Underwriter Defendants[4] violated the federal securities laws by making false and misleading statements concerning Navient's business operations and financial results during the period from April 17, 2014 through December 28, 2015, inclusive.  Defendants have vigorously denied and continue to deny each and all of the claims asserted against them in the Action and deny that the Classes were harmed or suffered any damages as a result of the conduct alleged in the Action.  A more detailed description of the Action is set forth in ¶¶ 11-31 below.  The proposed Settlement, if approved by the Court, will settle claims of the Classes, as defined in ¶ 32 below.

2. **Statement of the Classes's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Classes, have agreed to settle the Action in exchange for $35,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court.  The proposed plan of allocation (the "Plan of Allocation") is set forth

---

[2] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.  The Stipulation is available at www.NavientSecuritiesLitigation.com.

[3] The "Individual Defendants" consist of defendants John F. Remondi, Somsak Chivavibul, John Kane, William M. Diefenderfer, III, Ann Torre Bates, Diane Suitt Gilleland, Linda Mills, Barry A. Munitz, Steven L. Shapiro, Jane J. Thompson, and Barry L. Williams.

[4] The "Underwriter Defendants" consist of defendants Barclays Capital Inc., Credit Suisse Securities USA LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co. (n/k/a Goldman Sachs & Co. LLC), J.P. Morgan Securities, LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.), RBC Capital Markets, LLC, RBS Securities Inc. (n/k/a NatWest Markets Securities Inc.), and Wells Fargo Securities, LLC.

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

2

in Appendix A at the end of this Notice.  The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among eligible Class Members.

3.  **Estimate of Average Amount of Recovery Per Share, Option, or Note:**  Lead Plaintiffs' damages expert estimates that that the conduct at issue in the Action affected (1) approximately 406.5 million shares of Navient common stock and approximately 8,000 Navient call option contracts purchased, and approximately 19,000 Navient put option contracts sold (written), during the Exchange Act Class Period and (2) approximately 443,000 Navient 5.000% Senior Notes due 2020 ($1,000 Notes), approximately 428,000 Navient 5.875% Senior Notes due 2024 ($1,000 Notes), and approximately 554,000 Navient 5.875% Senior Notes due 2021 ($1,000 Notes), purchased during the Securities Act Class Period.  Assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described in this Notice) from the Settlement would be: (i) $0.07 per affected share of Navient common stock; (ii) $0.75 per affected Navient call option contract; (iii) $3.31 per affected Navient put option contract; (iv) $4.69 per affected Navient 5.000% Senior Note due 2020 (per $1,000 Note); (v) approximately $4.39 per affected Navient 5.875% Senior Note due 2024 (per $1,000 Note); and (vi) approximately $5.35 per affected Navient 5.875% Senior Note due 2021 (per $1,000 Note).  Class Members should note, however, that the foregoing average recoveries are only estimates.  Some Class Members may recover more or less than the estimated amounts depending on, among other factors, when and at what prices they purchased or sold their Navient Securities, and the total number and value of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share, Option, or Note:**  The Parties do not agree on the average amount of damages per share, option, or note that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants vigorously deny the assertion that they violated the federal securities laws or that any damages were suffered by any Class Members as a result of Defendants' alleged conduct.

5.  **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Classes and have advanced the funds to pay expenses necessarily incurred to prosecute the Action.  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), will apply to the Court for an immediate award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Plaintiffs' Counsel's Litigation Expenses in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $3,000,000.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, would be (i) $0.02 per affected share of Navient common stock; (ii) $0.21 per affected Navient call option contract; (iii) $0.94 per affected Navient put option contract; (iv) $1.34 per affected Navient 5.000% Senior Note due 2020 (per $1,000 Note); (v) approximately $1.25 per affected Navient 5.875% Senior Note due 2024 (per $1,000 Note); and (vi) approximately $1.53 per affected Navient 5.875% Senior Note due 2021 (per $1,000 Note).

6.  **Identification of Attorneys' Representative:**  Lead Plaintiffs and the Classes are represented by Jeremy P. Robinson, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.  Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Claims Administrator at: *Navient Securities Litigation*, c/o JND Legal Administration, P.O. Box 91402, Seattle, WA 98111, 1-833-358-1847, info@NavientSecuritiesLitigation.com, www.NavientSecuritiesLitigation.com.  **Please do not contact the Court regarding this Notice.**

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

3

7.  **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery that the Settlement provides for the Classes without the risks or the delays inherent in further litigation.  The substantial recovery provided under the Settlement must be considered against the significant risks that a smaller recovery—or indeed no recovery at all—might be achieved after a contested summary judgment motion, a trial of the Action, and the likely appeals that would follow a trial.  This process would also be expected to last several years.  Defendants, who deny all allegations of wrongdoing, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED* **(IF MAILED), OR ONLINE, NO LATER THAN _____, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any of the applicable Released Exchange Act Claims (defined in ¶ 41 below) and Released Securities Act Claims (defined in ¶ 42 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 44 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |
| **GO TO A HEARING _____, 2022 AT __:___ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2022.** | Filing a written objection and notice of intention to appear by _____, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  In the Court's discretion, the _____, 2022 hearing may be conducted by telephone or video conference (*see* ¶ 61 below).  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a Class Member and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a Class Member, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them—are further explained in this Notice.  <u>Please Note</u>: The date and time of the Settlement Hearing—currently scheduled for _____ __, 2022**

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

4

at __:__ _.m.—is subject to change without further notice to the Classes.  It is also within the Court's discretion to hold the hearing in person or by video or telephonic conference.  If you plan to attend the hearing, you should check the case website, www.NavientSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.

---

**WHAT THIS NOTICE CONTAINS**

---

Why Did I Get This Notice? ........................................................................................... Page [__]

What Is This Case About? ............................................................................................. Page [__]

How Do I Know If I Am Affected By The Settlement?  Who Is Included In The Exchange Act
   Class And The Securities Act Class? ........................................................................ Page [__]

What Are Lead Plaintiffs' Reasons For The Settlement? .............................................. Page [__]

What Might Happen If There Were No Settlement? ...................................................... Page [__]

How Are Class Members Affected By The Settlement? ................................................ Page [__]

How Do I Participate In The Settlement?  What Do I Need To Do? ............................... Page [__]

How Much Will My Payment Be? ................................................................................. Page [__]

What Payment Are The Attorneys For The Classes Seeking?  How Will The Lawyers Be Paid? .... Page [__]

When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have
   To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? ... Page [__]

What If I Bought Navient Securities On Someone Else's Behalf? ................................. Page [__]

Can I See The Court File?  Whom Should I Contact If I Have Questions? ..................... Page [__]

Appendix A – Proposed Plan of Allocation .................................................................. Page [__]

---

**WHY DID I GET THIS NOTICE?**

---

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have (i) purchased or otherwise acquired Navient common stock or Navient call options, or sold Navient put options, during the Exchange Act Class Period or (ii) purchased or otherwise acquired Navient 5.000% Senior Notes due 2020, Navient 5.875% Senior Notes due 2024, or Navient 5.875% Senior Notes due 2021 during the Securities Act Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the terms of the proposed Settlement of the Action and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 61-62 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

5

| WHAT IS THIS CASE ABOUT? |
| --- |

11.    Navient is one of the country's largest servicers of student loans.  Lead Plaintiffs allege in the Action that Defendants made numerous false or misleading statements during the period from April 17, 2014 through December 28, 2015, inclusive, concerning Navient's business operations and financial results, which caused the prices of Navient's publicly-traded securities to be artificially inflated and caused damages to investors in those securities when the truth regarding Defendants' prior representations was publicly revealed.

12.    On or about February 11, 2016, a securities class action brought on behalf of investors in Navient's publicly-traded securities was filed in the Court.  On June 30, 2016, the Court entered an Order appointing as "Lead Plaintiffs" Lord Abbett Affiliated Fund, Inc., Lord Abbett Equity Trust-Lord Abbett Calibrated Mid Cap Value Fund, Lord Abbett Bond-Debenture Fund, Inc., and Lord Abbett Investment Trust-Lord Abbett High Yield Fund (collectively, the "Lord Abbett Funds" or "Lead Plaintiffs") for the putative class, approving the Lord Abbett Funds' selection of Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") as "Lead Counsel" for the class; appointing Morris and Morris LLC ("Morris and Morris") as "Liaison Counsel" for the class; and ordering that any subsequently filed, removed, or transferred actions related to the claims asserted in the actions be consolidated for all purposes as *Lord Abbett Affiliated Fund, Inc., et al. v. Navient Corp., et al.,* Master File No. 1:16-cv-112 (as previously defined, the "Action").

13.    On September 28, 2016, Lead Plaintiffs filed the Consolidated Amended Class Action Complaint (the "First Amended Complaint").  The First Amended Complaint asserted claims against Defendants Navient, Remondi, and Chivavibul under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; against Defendants Remondi and Chivavibul under Section 20(a) of the Exchange Act; against Defendants Navient, Remondi, Chivavibul, Diefenderfer, Bates, Gilleland, Mills, Munitz, Shapiro, Thompson, William, and the Underwriter Defendants under Section 11 of the Securities Act of 1933 ("Securities Act"); against the Underwriter Defendants under Section 12(a)(2) of the Securities Act; and against Defendants Remondi, Chivavibul, Diefenderfer, Bates, Gilleland, Mills, Munitz, Shapiro, Thompson, and William under Section 15 of the Securities Act.

14.    On November 10, 2016, Defendants Navient, Remondi, and Chivavibul filed their motion to dismiss the First Amended Complaint ("First Motion to Dismiss"), which was joined by the Underwriter Defendants on November 14, 2016.  The First Motion to Dismiss was fully briefed by January 30, 2017.  On September 6, 2017, the Court issued an Opinion and accompanying Order granting Defendants' Motion to Dismiss without prejudice, and gave Lead Plaintiffs leave to file an amended complaint.

15.    On November 17, 2017, Lead Plaintiffs filed the operative complaint in the Action, the Second Amended Complaint (the "Complaint").  The Complaint asserts the same claims as the First Amended Complaint against all Defendants as well as Defendant Kane, and alleges that, between April 17, 2014 and December 28, 2015, inclusive ("Class Period"), Defendants made false or misleading statements of material fact concerning, *inter alia*, (1) Navient's loan portfolios, including Navient's forbearance practices, reported provisions for loan losses and related metrics for its private education loan portfolio, credit quality, and internal controls (the "Loan Statements"); (2) Navient's compliance with governing laws and regulations (the "Compliance Statements"); and (3) Navient's credit facilities (the "Credit Facility Statements").

16.    On January 16, 2018, all Defendants filed their motion to dismiss the Complaint ("Second Motion to Dismiss").  The Second Motion to Dismiss was fully briefed by April 16, 2018.

17.    On September 9, 2018, the Action was reassigned to the Honorable Maryellen Noreika.

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

6

18.   On January 29, 2019, the Court issued an Opinion and accompanying Order granting-in-part and denying-in-part the Second Motion to Dismiss. The Court dismissed all claims based on the Compliance Statements and the Exchange Act claims based on the Credit Facility Statements, and denied Defendants' Motion to Dismiss in all other respects. The Securities Act and Exchange Act claims based on the Compliance Statements were dismissed with prejudice; and the Exchange Act claims based on the Credit Facility Statements were dismissed without prejudice.

19.   On March 29, 2019, Defendants filed their Answers to the Complaint.

20.   On April 24, 2019, Lead Plaintiffs filed a Stipulation and Proposed Order Substituting Lead Counsel, replacing Lieff Cabraser with Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel and replacing Morris and Morris with Friedlander & Gorris, P.A. ("Friedlander & Gorris") as Liaison Counsel.

21.   On April 26, 2019, the Court approved Lead Plaintiffs' Stipulation Substituting Lead Counsel, appointing Bernstein Litowitz as Lead Counsel and Friedlander & Gorris as Liaison Counsel.

22.   Discovery in the Action commenced on May 17, 2019. Pursuant to detailed document requests and substantial negotiations, Defendants and third parties produced more than 600,000 documents, totaling more than 5.5 million pages, to Lead Plaintiffs. Lead Plaintiffs produced more than 75,000 documents, totaling more than 530,000 pages, to Defendants. Lead Plaintiffs also served subpoenas on and negotiated document discovery with six (6) third parties.  In addition, Lead Plaintiffs noticed for deposition and deposed fifteen (15) fact witnesses, including Defendants Remondi, Chivavibul, Kane and other former senior executives of the Company, and actively participated in the depositions of an additional three (3) fact witnesses that were noticed by Defendants.  The parties also served and responded to interrogatories and requests for admission and exchanged numerous letters, including disputes between the parties and with nonparties, concerning discovery issues.  While the Parties were able to resolve many of those disputes, several were raised to the Court and in certain instances the Court conducted hearings on those disputes.

23.   In addition, while discovery was ongoing, on September 6, 2019, Lead Plaintiffs filed a motion for class certification (the "Class Certification Motion"). The Parties thereafter produced documents, deposed each other's experts, and filed their opposition and reply briefs regarding Lead Plaintiffs' Class Certification Motion. After full briefing of the Class Certification Motion, on August 25, 2020, the Court entered an Order granting-in-part and denying-in-part Lead Plaintiffs' Class Certification Motion. On September 2, 2020, the Court issued an Order certifying the Classes (as defined in ¶ 32 below), appointing Lead Plaintiffs as Class Representatives, and appointing Bernstein Litowitz as Class Counsel.

24.   Expert discovery commenced on November 3, 2020.  Lead Plaintiffs served opening, reply, and supplemental expert reports from four experts in the fields of accounting, the student loan industry, statistics, and damages.  Defendants served opening and reply expert reports from two experts in the fields of damages and underwriter due diligence.  Lead Plaintiffs served rebuttal expert reports from two experts in the fields of damages and underwriter due diligence.  Defendants served rebuttal expert reports from five experts in the fields of accounting, the student loan industry, and damages.  The Parties took the depositions of all eleven (11) experts who had submitted reports.

25.   After the Court issued an Order certifying the Classes, Lead Plaintiffs thereafter negotiated with Defendants on the form and manner of providing notice to potential Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Classes; and (iii) their right to request to be excluded from the Classes, the effect of remaining in the Classes or requesting exclusion, and the requirements and deadline for requesting exclusion

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

7

(the "Class Notice").  The Parties came to an agreement on the terms of the Class Notice, and on April 8, 2021, Lead Plaintiffs filed an unopposed motion requesting the Court to approve the Class Notice.

26.   On April 12, 2021, the Court entered an Order granting Lead Plaintiffs' unopposed motion to approve the Class Notice (the "Class Notice Order").  Pursuant to the Class Notice Order, the Class Notice was mailed to potential Class Members beginning on May 10, 2021.  The Class Notice provided Class Members with the opportunity to request exclusion from the Classes, explained that right, and set forth the deadline and procedures for doing so.  The Class Notice informed Class Members that they may not have another opportunity to exclude themselves or otherwise opt out of the Action.  The Class Notice also informed Class Members that if they chose to stay in the lawsuit as a member of the Classes, they would "be bound by any settlement or judgment in this Action," including "any unfavorable judgment which may be rendered in favor of Defendants." The deadline for requesting exclusion from the Classes pursuant to the Class Notice was July 9, 2021.  A list of the persons and entities who requested exclusion pursuant to the Class Notice is available at www.NavientSecuritiesLitigation.com.

27.   After the close of fact and expert discovery, on July 20, 2021, Defendants filed their motion for summary judgment and motion to preclude expert opinions and testimony by certain of Plaintiffs' experts. Also on July 20, 2021, Lead Plaintiffs likewise filed their motion to exclude certain opinions and testimony of Defendants' experts. On August 17, 2021, Lead Plaintiffs filed their opposition to Defendants' motion for summary judgment and motion to preclude the testimony of Lead Plaintiffs' experts. The same day, Defendants filed their opposition to Lead Plaintiffs' motion to exclude the opinions and testimony of Defendants' experts. The parties fully briefed summary judgment and motions to exclude expert opinion by September 13, 2021, which ultimately comprised 225 pages of briefing and thousands of pages of exhibits.

28.   A mediation session before former United States District Court Judge Layn R. Phillips was held on September 28, 2021.  In advance of that mediation session, the parties submitted their summary judgement briefing, among other things.  During the mediation session, Judge Phillips made a mediator's recommendation to negotiate within a narrowed range that he independently believed was reasonable.  Both parties accepted the range, and, after additional negotiations, Judge Phillips made a mediator's proposal to settle at $35 million, which was within the agreed range.  However, the parties were unable to agree to settlement terms that day.

29.   By October 1, 2021, the parties had agreed to the mediator's proposal and had an agreement in principle to settle the Action at $35 million.  The parties continued to negotiate the term sheet memorializing the agreement in principle to settle the Action (the "Term Sheet") for a few additional days, and ultimately executed the Term Sheet on October 8, 2021.  The Term Sheet set forth, among other things, the parties' agreement to settle and release all claims against Defendants in return for a cash payment by or on behalf of Navient and the Individual Defendants of $35,000,000 in cash for the benefit of the Classes, subject to certain terms and conditions and the execution of the Stipulation.

30.   After additional negotiations regarding the specific terms of their agreement, the parties entered into the Stipulation on November 16, 2021. The Stipulation, which reflects the final and binding agreement between the Parties on the terms and conditions of the Settlement and which supersedes and replaces the Term Sheet, can be viewed at www.NavientSecuritiesLitigation.com.

31.   On November [__], 2021, Lead Plaintiffs moved for preliminary approval of the Settlement, and on [_____], 2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

8

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE EXCHANGE ACT CLASS AND THE SECURITIES ACT CLASS?**

---

32.   If you are a member of one or both of the Classes, you are subject to the Settlement.  The Classes certified by the Court's Order dated January 31, 2020 (Docket No. 161) consist of:

(i)     For claims brought pursuant to the Securities Exchange Act of 1934 (the "Exchange Act Class"): all persons and entities who purchased or otherwise acquired Navient's common stock or Navient call options, or sold Navient put options, from April 17, 2014 through September 29, 2015, inclusive (the "Exchange Act Class Period")—and who were damaged thereby.[5]

(ii)    For claims brought pursuant to the Securities Act of 1933 (the "Securities Act Class"): all persons and entities who purchased or otherwise acquired Navient's 5.000% Senior Notes due 2020 (CUSIP 63938CAA6), 5.875% Senior Notes due 2024 (CUSIP 63938CAB4), and 5.875% Senior Notes due 2021 (CUSIP 63938CAC2) (collectively, "Navient Senior Notes") from November 6, 2014 through December 28, 2015, inclusive (the "Securities Act Class Period")—and who were damaged thereby.

Excluded from both Classes are: Defendants, their officers and directors, all members of their immediate families, their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have a majority ownership interest.  Also excluded from the Classes are the persons and entities who excluded themselves by previously submitting a request for exclusion from the Classes in connection with the Class Notice.  A list of the persons and entities who previously submitted a request for exclusion from the Classes in connection with the Class Notice is available at www.NavientSecuritiesLitigation.com.

**PLEASE NOTE:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice, and the required supporting documentation as set forth in the Claim Form,** *postmarked* **(if mailed), or online through the case website, www.NavientSecuritiesLitigation.com, no later than _____, 2022.**

---

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

---

33.   Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, that substantial expense and delay would accompany the continued proceedings necessary to pursue their claims against Defendants through the Court's ruling on summary judgment, pre-trial motions, a trial, and appeals. This would also involve substantial risks in establishing liability and damages. Indeed, Lead Plaintiffs faced risks on each main element of their claims.  To start, Lead Plaintiffs faced challenges in proving that Defendants made materially false and misleading statements during the Class Periods.  For example, a key aspect of the case concerned Lead Plaintiffs' allegation that Defendants made misstatements concerning Navient's reported loan loss provisions and related metrics.  But Defendants and their expert accountants vigorously disputed that Navient's accounting was improper.  In that regard, Defendants argued, *inter alia*, that

---

[5] For the avoidance of doubt, the Exchange Act Class includes all persons and entities who received shares as part of Navient's formation through a spin-off from Sallie Mae—and who were damaged thereby.

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

9

the unqualified audit opinions issued by KPMG, Navient's independent auditor, and the lack of any restatement confirmed that Navient's accounting for loan loss reserves was correct.  Moreover, Defendants argued that the evidence showed that Lead Plaintiffs' loan loss reserve claims did not start until July 2014 (when Navient released its second quarter 2014 results) and, as such, Defendants could not be liable for reserve-related misrepresentations from April 17, 2014 through to July 16, 2014 because, according to Defendants, they did not even make any actionable reserve-related misrepresentations during that period.  As to Lead Plaintiffs' allegations that Defendants misled investors about Navient's forbearance practices, Defendants argued that they made no misrepresentations at all and, in fact, used forbearance appropriately to assist student borrowers in avoiding default. Defendants further claimed that quantitative evidence showed that Navient's forbearance use was appropriate and short-term.  Further, Lead Plaintiffs faced risks in proving scienter—*i.e.*, that Defendants knowingly or recklessly deceived investors.  For example, on the loan loss reserve claims, Defendants argued that Navient's executives were not aware of any need to increase reserves; were told, and believed, that Navient properly accounted for the actual performance of its loans; and increased its loan loss provision once the loans began performing poorly.  As to Lead Plaintiffs' forbearance-related claims, Defendants argued that they cannot have had any fraudulent motive because they were helping borrowers avoid default and that, to the extent that there was any improper forbearance usage, Navient's executives were not aware. They also claimed that they had no incentive to misuse forbearance because many of the relevant loans were guaranteed by the Federal Government and based on their argument that Navient earned more from avoiding forbearance.  Finally, Defendants argued vigorously throughout the case, including at class certification and summary judgment, that the issuance of Navient common stock in Navient's 2014 spin-off from Sallie Mae (the "Spin-Off Transaction") did not constitute a "purchase" under the Exchange Act, which raised the substantial risk that such investors could be found not to have cognizable securities law claims at all.

34.  Lead Plaintiffs also faced further risks relating to proof of loss causation and damages.  For example, Defendants contended in their summary judgment motion and would have argued at trial that Lead Plaintiffs could not establish a causal connection between the alleged misrepresentations and the several of the alleged corrective disclosures that Lead Plaintiffs contended caused investors' losses.  For example, Defendants argued that the market did not meaningfully react to the July 22, 2015 corrective disclosure. Moreover, as to the September 2015 disclosure, Defendants challenged that the disclosure revealed no "new" information about the alleged fraud.  If Defendants had succeeded on one or more of their loss causation and damages arguments, even if Lead Plaintiff had established liability for its securities fraud claims, the recoverable damages could have been substantially less than the amount provided in the Settlement or even zero.

35.  In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Classes, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Classes.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Classes, namely $35,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery at all, and not until after summary judgment, trial, and appeals, possibly years in the future.

36.  Defendants have vigorously denied and continue to deny each and all of the claims asserted against them in the Action and deny that the Classes were harmed or suffered any damages as a result of the conduct alleged in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

10

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

37.   If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other Class Members would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Classes could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE SETTLEMENT?

38.   As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf as provided in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

39.   If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

40.   If you are a Class Member, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims in the Action against Defendants and will provide that, upon the Effective Date of the Settlement: (1) Lead Plaintiffs and each of the other members of the Exchange Act Class, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Exchange Act Claims (as defined in ¶ 41 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 44 below), and will forever be barred and enjoined from prosecuting any and all Released Exchange Act Claims against any of the Defendants' Releasees; and (2) Lead Plaintiffs and each of the other members of the Securities Act Class, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Securities Act Claims (as defined in ¶ 42 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 44 below), and will forever be barred and enjoined from prosecuting any and all Released Securities Act Claims against any of the Defendants' Releasees.  The Released Exchange Act Claims and the Released Securities Act Claims are collectively referred to as the "Released Class Claims."

41.   "Released Exchange Act Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that: (1) Lead Plaintiffs or any other member of the Exchange Act Class (a) asserted in the Complaint under the Securities Exchange Act of 1934 ("Exchange Act") or (b) could have asserted in the Complaint arising out of, based upon, or relating to the allegations, acts, facts, transactions, events, matters, occurrences, statements or omissions involved, set forth, alleged, or referred to in the Complaint; *and* (2) relate to the purchase, acquisition, sale, disposition, or holding of Navient common stock, Navient call options, or Navient put options, during the Exchange Act Class Period.  The Released Exchange Act Claims do not cover, include, or release: (i) claims asserted in any ERISA, derivative, consumer, or governmental action, including without limitation the claims asserted in *Pope v Navient,* 17-cv-08373 (D.N.J.), *CFPB v. Navient,* 17-cv-00101

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

11

(M.D. Pa), *Manetta v. Navient,* 20-cv-07712 (D.N.J.), *State of Mississippi v. Navient Corp., et al.,* No. 25CH1:18-cv-00982 (Miss. Ch. Ct. Hinds Cnty.), *People of the State of California v. Navient,* CGC-18-567732 (Cal. Superior Court, San Francisco Cnty.), *Commonwealth of Pennsylvania v. Navient,* 17-cv-1814 (M.D. Pa), *People of the State of Illinois v Navient,* 17 CH 761 (Cook Cty Cir. Ct, Chancery Division, Ill.), *State of Washington v Navient,* 17-2-01115-1 SEA (King County, Wash.), *Buffalo Grove Police Pension Fund, et al., v. Diefenderfer, III, et al.,* No. 2:19-cv-00062 (E.D. Pa.), *Daniel, et al., v. Navient Solutions, LLC,* No. 8:17-cv-0250 (M.D. Fl.), *Demyanenko-Todd, et al., v. Navient Corp., et al.,* No. 3:17-cv-00772 (M.D. Pa.), *Hyland, et al., v. Navient Corp., et al.,* No. 1:18-cv-09031 (S.D.N.Y.), *Travis, et al., v. Navient Corp., et al.,* No. 2:17-cv04885 (E.D.N.Y.), *Grewal v Navient,* NJ ESX-C-172-20 (Essex County, N.J.), *Hyland v. Navient,* 18-cv-09031 (S.D.N.Y.), or *Baker v. Navient,* 17-cv-1160 (E.D. Va.) or any cases consolidated into, or related to, those actions; (ii) claims relating to the enforcement of the Settlement; or (iii) claims of the persons and entities who submitted a request for exclusion from the Exchange Act Class in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Exchange Act Claims").

42.   "Released Securities Act Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that: (1) Lead Plaintiffs or any other member of the Securities Act Class (a) asserted in the Complaint under the Securities Act of 1933 or (b) could have asserted in the Complaint arising out of, based upon, or relating to the allegations, acts, facts, transactions, events, matters, occurrences, statements or omissions involved, set forth, alleged, or referred to in the Complaint; and (2) relate to the purchase, acquisition, sale, disposition, or holding of Navient Senior Notes during the Securities Act Class Period. The Released Securities Act Claims do not cover, include, or release: (i) claims asserted in any ERISA, derivative, consumer, or governmental action, including without limitation the claims asserted in *Pope v Navient,* 17-cv-08373 (D.N.J.), *CFPB v. Navient,* 17-cv-00101 (M.D. Pa), *Manetta v. Navient,* 20-cv-07712 (D.N.J.), *State of Mississippi v. Navient Corp., et al.,* No. 25CH1:18-cv-00982 (Miss. Ch. Ct. Hinds Cnty.), *People of the State of California v. Navient,* CGC-18-567732 (Cal. Superior Court, San Francisco Cnty.), *Commonwealth of Pennsylvania v. Navient,* 17- cv-1814 (M.D. Pa), *People of the State of Illinois v Navient,* 17 CH 761 (Cook Cty Cir. Ct, Chancery Division, Ill.), *State of Washington v Navient,* 17-2-01115-1 SEA (King County, Wash.), *Buffalo Grove Police Pension Fund, et al., v. Diefenderfer, III, et al.,* No. 2:19-cv-00062 (E.D. Pa.), *Daniel, et al., v. Navient Solutions, LLC,* No. 8:17-cv0250 (M.D. Fl.), *Demyanenko-Todd, et al., v. Navient Corp., et al.,* No. 3:17-cv-00772 (M.D. Pa.), *Hyland, et al., v. Navient Corp., et al.,* No. 1:18-cv-09031 (S.D.N.Y.), *Travis, et al., v. Navient Corp., et al.,* No. 2:17-cv-04885 (E.D.N.Y.), *Grewal v. Navient,* NJ ESX-C-172-20 (Essex County, N.J.), *Hyland v. Navient,* 18-cv-09031 (S.D.N.Y.), or *Baker v. Navient,* 17-cv-1160 (E.D. Va.) or any cases consolidated into, or related to, those actions; (ii) claims relating to the enforcement of the Settlement; or (iii) claims of the persons and entities who submitted a request for exclusion from the Securities Act Class in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Securities Act Claims").

43.   "Unknown Claims" means any Released Exchange Act Claims which Lead Plaintiffs or any other member of the Exchange Act Class does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, any Released Securities Act Claims which Lead Plaintiffs or any other member of the Securities Act Class does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights,

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

12

and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

44.   "Defendants' Releasees" means Defendants and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

45.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims (as defined in ¶ 46 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 47 below), and will forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiffs' Releasees.

46.   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, in each case based on, arising out of, or in connection with the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include any of the following claims: (i) claims relating to the enforcement of the Settlement; or (ii) claims against the persons and entities who submitted a request for exclusion from the Classes in connection with the Class Notice (as set forth in Appendix 1 to the Stipulation) ("Excluded Defendants' Claims").  For the avoidance of doubt, nothing in this Stipulation releases or applies to ordinary course business dealings between Lead Plaintiffs and the Underwriter Defendants unrelated to the Action.

47.   "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, all other Class Members, and Plaintiffs' Counsel, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

48.   To be eligible for a payment from the Settlement, you must be a member of the Exchange Act Class and/or the Securities Act Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked*** **(if mailed), or submitted online at www.NavientSecuritiesLitigation.com, no later than _____, 2022**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement,

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

13

www.NavientSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-358-1847 or by emailing the Claims Administrator at info@NavientSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Navient common stock, as they will be needed to document your Claim.**  The Parties and Claims Administrator do not have information about your transactions in Navient Securities.  If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

49.   At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

50.   Pursuant to the Settlement, Navient and the Individual Defendants have agreed to pay or caused to be paid a total of $35,000,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

51.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

52.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

53.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

54.   Unless the Court otherwise orders, any Class Member who or which fails to submit a Claim Form *postmarked* (if mailed), or submitted online, on or before _____ __, **2022** shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the applicable Class(es) of which he, she, or it is a member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each member of the Exchange Act Class releases, and will be barred and enjoined from prosecuting, the Released Exchange Act Claims (as defined in ¶ 41 above) against the Defendants' Releasees (as defined in ¶ 44 above), and each member of the Securities Act Class releases, and will be barred and enjoined from prosecuting, the Released Securities Act Claims (as defined in ¶ 42 above) against the Defendants' Releasees (as defined in ¶ 44 above) whether or not such Class Member submits a Claim Form.

55.   Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to their transactions in Navient Securities held through the Employee Plan in any Claim Form that they submit in this Action.  Claims based on any Employee Plan's transactions in Navient Securities may be made by the plan itself

56.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

14

57.   Only Class Members will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Classes by definition or that previously excluded themselves from the Classes pursuant to request will not be eligible for a payment and should not submit Claim Forms.  The only securities that are included in the Settlement are Navient common stock, call options, put options, 5.000% Senior Notes due 2020, 5.875% Senior Notes due 2024, and 5.875% Senior Notes due 2021.

58.   **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs.  At the Settlement Hearing, Lead Plaintiffs will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Classes.**

| |
|---|
| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?** |

59.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Classes, nor have Plaintiffs' Counsel been paid for their litigation expenses.  Lead Counsel will apply to the Court for an immediate award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for payment of Plaintiffs' Counsel's Litigation Expenses from the Settlement Fund in an amount not to exceed $3,000,000.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Any award of attorneys' fees and Litigation Expenses, including any reimbursement of costs and expenses to Lead Plaintiffs, will be paid from the Settlement Fund at the time of award by the Court and prior to allocation and payment to Authorized Claimants. ***Class Members are not personally liable for any such fees or expenses.***

| |
|---|
| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |

60.   **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

61.   Please Note:  The date and time of the Settlement Hearing may change without further written notice to the Classes.  In addition, the ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video, without further written notice to the Classes.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the case website, www.NavientSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the case website, www.NavientSecuritiesLitigation.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information needed to access the conference will be posted to www.NavientSecuritiesLitigation.com.**

62.   The Settlement Hearing will be held on _____, 2022 at __:__ _.m., before the Honorable Maryellen Noreika either in person at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, Courtroom 4A, 844 North King Street, Wilmington, DE 19801-3555, or by telephone

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

15

or videoconference (in the discretion of the Court). At the hearing, the Court will, among other things, (i) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Classes, and should be finally approved by the Court; (ii) determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iii) determine whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses (including an award to Lead Plaintiffs) should be approved; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to Class Members.

63. Any Class Member may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. To object, you must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Delaware at the address set forth below, as well as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below, ***on or before _____, 2022***.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Office of the Clerk | Bernstein Litowitz Berger | Latham & Watkins LLP |
| United States District Court | & Grossmann LLP | Christopher S. Turner, Esq. |
| District of Delaware | Jeremy P. Robinson, Esq. | 555 Eleventh Street, NW |
| 844 North King Street, Unit 18 | 1251 Avenue of the Americas, | Suite 1000 |
| Wilmington, DE 19801-3570 | 44th Floor | Washington, D.C. 20004 |
|  | New York, NY 10020 |  |
|  |  | Shearman & Sterling LLP |
|  |  | Adam S. Hakki, Esq. |
|  |  | 599 Lexington Avenue |
|  |  | New York, NY 10022-6069 |

64. Any objections, filings, and other submissions by the objecting Class Member must identify the case name and case number, *Lord Abbett Affiliated Fund, Inc., et al. v. Navient Corporation, et al.*, Case Number 1:16-cv-00112-MN, and they must (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector (even if the objector is represented by counsel); (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Exchange Act Class or a specific subset of the Securities Act Class, or to the entire Exchange Act Class or the entire Securities Act Class; and (iv) include documents sufficient to prove membership in one or both of the Classes. Members of the Exchange Act Class must include documents showing the number of shares of Navient common stock, the number of Navient call option contracts, and the number of Navient put option contracts that the objecting Class Member purchased/acquired and/or sold during the Exchange Act Class Period (*i.e.*, from April 17, 2014 through September 29, 2015, inclusive), including the dates, number of shares/options, and prices of each such purchase and sale. Members of the Securities Act Class must include documents showing the face value of Navient 5.000% Senior Notes due

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

16

2020, face value of Navient 5.875% Senior Notes due 2024, and face value of Navient 5.875% Senior Notes due 2021 that the objecting Class Member purchased/acquired and/or sold during the Securities Act Class Period (*i.e.*, from November 6, 2014 through December 28, 2015, inclusive), including the dates, face value, and prices of each such purchase and sale.  Documentation establishing membership in the Exchange Act Class or Securities Act Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you previously excluded yourself from the Classes or if you are not a member of at least one of the Classes.

65.   You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

66.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, assuming you timely file a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 63 above so that it is ***received* on or before** _____ __, **2022**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number.  It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or videoconference, with or without the filing of written objections.

67.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 63 above so that the notice is ***received* on or before _____ __, 2022**.

68.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time of the hearing as stated in ¶ 61 above.

69.   **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval**.

---

### WHAT IF I BOUGHT NAVIENT SECURITIES ON SOMEONE ELSE'S BEHALF?

---

70.   **If, in connection with the Class Notice disseminated in or around May 2021, you previously provided the names and addresses of persons and entities on whose behalf you purchased or otherwise acquired Navient common stock or Navient call options, or sold Navient put options, during the period from April 17, 2014 through September 29, 2015, inclusive, or purchased or otherwise acquired Navient 5.000% Senior Notes due 2020 (CUSIP 63938CAA6), Navient 5.875% Senior Notes due 2024 (CUSIP 63938CAB4), or Navient 5.875% Senior Notes due 2021 (CUSIP 63938CAC2) during the period from April 17, 2014 through September 29, 2015, inclusive, and (i) those names and addresses remain current**

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

17

**and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator, you need do nothing further at this time. The Claims Administrator will mail a copy of this Settlement Notice and the Claim Form (the "Settlement Notice Packet") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notices.**

71.    If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action.  If you elected this option, the Notice Administrator will forward the same number of Settlement Notice Packets to you to send to the beneficial owners.  You must mail the Settlement Notice Packets to the beneficial owners no later than seven (7) calendar days after your receipt of them.

72.    If you have additional name and address information, the name and address information of certain of your beneficial owners has changed, or if you need additional copies of the Settlement Notice Packet, or have not already provided information regarding persons and entities on whose behalf you purchased or otherwise acquired Navient common stock or Navient call options, or sold Navient put options, during the period from April 17, 2014 through September 29, 2015, inclusive, or purchased or otherwise acquired Navient 5.000% Senior Notes due 2020 (CUSIP 63938CAA6), Navient 5.875% Senior Notes due 2024 (CUSIP 63938CAB4), or Navient 5.875% Senior Notes due 2021 (CUSIP 63938CAC2) during the period from April 17, 2014 through September 29, 2015, inclusive, in connection with the Class Notice, the Court has ordered that, within seven (7) calendar days of receipt of this Notice, you must either: (i) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *Navient Securities Litigation*, c/o JND Legal Administration, P.O. Box 91154, Seattle, WA 98111, in which event the Claims Administrator shall promptly mail the Settlement Notice Packet to such beneficial owners; or (ii) request from the Claims Administrator sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which you must then mail to the beneficial owners no later seven (7) calendar days after receipt.  As stated above, if you have already provided this information in connection with the Class Notice, unless that information has changed (*e.g.*, the beneficial owner has changed address), it is unnecessary to provide such information again.

73.    Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the case website, www.NavientSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-833-358-1847, or by emailing the Claims Administrator at info@NavientSecuritiesLitigation.com.

---

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

74.    This Notice contains only a summary of the terms of the proposed Settlement.  For the precise terms and conditions of the Settlement or to obtain additional information, you may find the Stipulation and other relevant documents at www.NavientSecuritiesLitigation.com, by contacting Lead Counsel at the addresses below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ded.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court, District of Delaware, 844 North King Street, Unit 18, Wilmington, DE 19801-3570.  Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the Settlement website, www.NavientSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *Navient Securities Litigation* | and/or | Jeremy P. Robinson, Esq. |
| c/o JND Legal Administration | | Bernstein Litowitz Berger & |
| P.O. Box 91402 | | Grossmann LLP |
| Seattle, WA 98111 | | 1251 Avenue of the Americas |
| | | New York, NY 10020 |
| 1-833-358-1847 | | |
| info@NavientSecuritiesLitigation.com | | 1-800-380-8496 |
| www.NavientSecuritiesLitigation.com | | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS THIS SETTLEMENT OR THE CLAIM PROCESS.**

Dated: _____, 2021

By Order of the Court
United States District Court
District of Delaware

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

19

# APPENDIX A

## PROPOSED PLAN OF ALLOCATION

### Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

1.      The principle of recovery in the Plan of Allocation (the "Plan") is that persons or entities who **purchased or otherwise acquired** Navient common stock or call options, or sold Navient put options, during the period from April 17, 2014 through September 29, 2015, inclusive, and persons or entities who purchased or otherwise acquired Navient Senior Notes—*i.e.*, Navient Senior Notes maturing October 2020 (CUSIP 63638CAA6 issued November 2014 with coupon rate of 5%) ("Navient 2020 Notes" or "2020 Notes"), Navient Senior Notes maturing March 2021 (CUSIP 63938CAC2 issued March 2015 with coupon rate of 5.875%) ("Navient 2021 Notes" or "2021 Notes"), and Navient Senior Notes maturing October 2024 (CUSIP 63938CAB4 issued November 2014 with coupon rate of 5.875%) ("Navient 2024 Notes" or "2024 Notes")—during the period from November 6, 2014 through December 28, 2015, inclusive, are eligible to share in the Net Settlement Fund.  But **sales** of these various securities (except for put options, as noted) during the respective relevant periods are not eligible.  Only purchases and acquisitions (and sales of put options) are eligible for compensation because the allegations in this case are that members of the Classes were injured by purchasing/acquiring the above Navient Securities (as defined above) (or selling put options) when the price of those securities were artificially inflated (or deflated for put options) by Defendants' misrepresentations.

2.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a proximate result of the alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations under the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants from the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

### Loss Amounts for Navient Common Stock, Call Options, and Put Options

3.      In developing the Plan of Allocation in conjunction with Lead Counsel, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the price of Navient common stock (as well as artificial inflation and deflation in call and put options on Navient common stock, respectively) that was allegedly caused by Defendants' alleged false and misleading statements and material omissions.  In calculating the estimated artificial inflation for Navient common stock and call options (and artificial deflation for put options) allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Navient common stock and options in reaction to the public disclosures allegedly revealing the truth concerning Defendants' alleged material misrepresentations and omissions, adjusting for price changes that were attributable to other company information and to market or industry forces that were unrelated to the alleged misrepresentations and omissions.

4.      For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the Navient common stock or call options (or price increase for Navient put options).  In the Action, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from April 17, 2014 through September 29, 2015, inclusive, which had the effect of artificially inflating the price of Navient common stock

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

20

and call options (and deflating the price of Navient put options).  Lead Plaintiffs further allege that corrective information was released to the market through a series of corrective disclosures on July 13, 2015, July 21-22, 2015, and September 29, 2015, which partially removed artificial inflation from the price of Navient common stock and call options (and artificial deflation in the case of put options) on July 14, 2015, July 22, 2015, and September 29, 2015-October 1, 2015, respectively.

5.     Exchange Act Loss Amounts for transactions in Navient common stock and options are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the price of Navient common stock and call options (deflation in the case of put options) at the time of purchase and the time of sale or the difference between the actual purchase price and sale price.  In order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who purchased or otherwise acquired Navient common stock or call options (or created a written put position by selling a put option) prior to the first corrective disclosure, which occurred on July 13, 2015, must have held his, her, or its shares/option position through at least July 13, 2015. A Class Member who purchased or otherwise acquired publicly traded Navient common stock or call options (or created a written put position by selling a put option) from July 14, 2015 through and including September 29, 2015 must have held those positions through at least one subsequent alleged corrective disclosure date, when additional corrective information was released to the market and removed the remaining artificial inflation (or deflation in the case of puts) from the price of Navient common stock and call options.

### Loss Amounts for Navient Senior Notes

6.     The statutory formula under Section 11(e) of the Securities Act serves as the basis for calculating compensable losses for the three eligible Navient Senior Notes (described above) under the Plan.  Under this formula, February 11, 2016 (when the first complaint in this Action was filed) is deemed the "date of suit," and November 16, 2021, the date that the Stipulation was executed, is deemed the "date of judgment."  The compensable losses are calculated including the negative causation provision of Section 11 based on declines in the price of the Notes related to the Section 11 claims.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS
### FOR NAVIENT COMMON STOCK

7.     Based on the formula stated in paragraph 8 below, a "**Recognized Loss Amount**" will be calculated for each purchase or acquisition of a share of Navient common stock during the Exchange Act Class Period (*i.e.*, from April 17, 2014 through September 29, 2015, inclusive) that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula stated in paragraph 8 below, that number will be zero.

8.     For each share of Navient common stock purchased or otherwise acquired during the period from April 17, 2014 through September 29, 2015, inclusive, and

(a)     Sold before July 14, 2015, the **Recognized Loss Amount** is zero;

(b)     Sold from July 14, 2015 through September 30, 2015, the **Recognized Loss Amount** is **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in **Table A** *minus* the amount of artificial inflation per share on the date of sale as stated in **Table A**; or (ii) the purchase/acquisition price *minus* the sale price;

(c)     Sold from October 1, 2015 through the close of trading on December 29, 2015, the **Recognized Loss Amount** is **the least of:** (i) the amount of artificial inflation per share on the date of

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

21

purchase/acquisition as stated in **Table A**; (ii) the purchase/acquisition price *minus* the sale price; or (iii) the purchase/acquisition price *minus* the average closing price between October 1, 2015 and the date of sale as stated in **Table B**;

(d)    Held as of the close of trading on December 29, 2015, the **Recognized Loss Amount** is **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in **Table A**; or (ii) the purchase/acquisition price *minus* $12.28.[6]

9.    **Shares of Navient Common Stock Received in the Spin-Off Transaction:**  For shares of Navient common stock received in Navient's Spin-Off Transaction in April 2014 ("Spin Shares"), the purchase/acquisition price will be $16.99, the closing price of Navient common stock on April 17, 2014.  Under the Plan, Recognized Loss Amounts for Spin Shares are discounted to take into account the significant litigation risk unique to those shares, which arose from the fact that Defendants vigorously disputed whether these shares were included in the Action, including by arguing in their summary judgment motion that the issuance of the Spin Shares did not constitute a "purchase" under the Exchange Act—which is a pre-requisite for establishing a cognizable claim under the securities laws.  As such, it is reasonable to account for the unique litigation risk applicable only to the Spin Shares by discounting the Recognized Loss Amounts for Spin Shares by 50%.  Accordingly, consistent with the foregoing, for Spin Shares received in the Spin-Off Transaction, Recognized Loss Amounts calculated under paragraph 8 above will be reduced by 50%.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS
## FOR NAVIENT CALL AND PUT OPTIONS

10.    Based on the formulas stated below, a "**Recognized Loss Amount**" will be calculated for (i) each purchase or acquisition of a Navient call option during the Exchange Act Class Period (*i.e.*, from April 17, 2014 through September 29, 2015, inclusive) and (ii) each sale of a Navient put option used to establish a written position during the Exchange Act Class Period that is listed on the Claim Form and for which adequate documentation is provided.

11.    Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Navient common stock.  Throughout this Plan of Allocation, all price quotations are *per share of the underlying security* (*i.e.*, 1/100 of a contract).

12.    Each option contract specifies a strike price and an expiration date.  Contracts with the same strike price and expiration date are referred to as a "series" and each series represents a different security that trades in the market and has its own market price (and thus artificial inflation or deflation).  Under the Plan of

---

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Navient common stock during the "90-day look-back period," from October 1, 2015 through December 29, 2015.  The mean (average) closing price for Navient common stock during this period was $12.28.

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

22

Allocation, the dollar artificial inflation per share (*i.e.*, 1/100 of a contract) for each series of Navient call options and the dollar artificial deflation per share (*i.e.*, 1/100 of a contract) for each series of Navient put options has been calculated by Lead Plaintiffs' damages expert.  For purposes of this Plan of Allocation, the measure of artificial inflation is based on the measured dollar change in the option prices on each alleged corrective disclosure (adjusted for information unrelated to the allegations). **Table C**, available at www.NavientSecuritiesLitigation.com, sets forth the dollar artificial inflation per share in Navient call options during the period from April 17, 2014 through September 30, 2015, inclusive.  **Table D**, also available at www.NavientSecuritiesLitigation.com, sets forth the dollar artificial deflation per share in Navient put options during the period from April 17, 2014 through September 30, 2015, inclusive.  **Tables C and E** list only series of exchange-traded Navient options that expired on or after July 14, 2015 – the date of the price impact from the first alleged corrective disclosure.  Transactions in Navient options that expired before July 14, 2015 have a **Recognized Loss Amount** of zero under the Plan of Allocation.  Any Navient options traded during the Exchange Act Class Period that are not found on **Tables C and D** have a **Recognized Loss Amount** of zero under the Plan of Allocation.  If a Recognized Loss Amount calculates to a negative number or zero under the formulas stated in paragraphs 13 or 14 below, that number will be zero.

13.     For each Navient call option purchased or otherwise acquired from April 17, 2014 through September 29, 2015, inclusive, and:

(a)     Closed (through sale, exercise, or expiration) before July 14, 2015, the **Recognized Loss Amount** is zero;

(b)     Closed (through sale, exercise, or expiration) from July 14, 2015 through September 30, 2015, the **Recognized Loss Amount** is **the lesser of (but not less than zero):** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in **Table C** *minus* the amount of artificial inflation per share on the date of sale as stated in **Table C**; or (ii) if closed through sale, the purchase/acquisition price *minus* the sale price, or if closed through exercise or expiration, the purchase/acquisition price *minus* the value per option on the date of exercise or expiration;[7]

(c)     Held as of the close of trading on September 30, 2015, the **Recognized Loss Amount** is equal to the **lesser of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in **Table C**; or (ii) the purchase/acquisition price *minus* the closing price of that option on October 1, 2015 (*i.e.*, the "Holding Price") as stated in **Table C**.

14.     For each Navient put option sold (to create a written position) from April 17, 2014 through September 29, 2015, inclusive, and:

(a)     Closed (through purchase, assignment, or expiration) before July 14, 2015, the **Recognized Loss Amount** is zero;

(b)     Closed (through purchase, assignment, or expiration) from July 14, 2015 through September 30, 2015, the **Recognized Loss Amount** is **the lesser of (but not less than zero):** (i) the amount of artificial deflation per share on the date of sale (writing) as stated in **Table D** *minus* the amount of artificial inflation per share on the date of close as stated in **Table D**; or (ii) if closed through

---

[7] The "value" of the call option on the date of exercise or expiration shall be the closing price of Navient common stock on the date of exercise or expiration minus the strike price of the option. If this number is less than zero, the value of the call option is zero.

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

23

purchase, the purchase price *minus* the sale price, or if closed through exercise or expiration, the value per option on the date of exercise or expiration[8] *minus* the sale price;

(c)   Held as of the close of trading on September 30, 2015, the **Recognized Loss Amount** is equal to the **lesser of:** (i) the amount of artificial deflation per share on the date of sale (writing) as stated in **Table D**; or (ii) the closing price of that option on October 1, 2015 (*i.e.*, the "Holding Price") as stated in **Table D** *minus* the sale price.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS
## FOR NAVIENT SENIOR NOTES

15.   Based on the formulas stated in paragraphs 16-18 below, a "**Recognized Loss Amount**" will be calculated for each purchase or acquisition of the applicable Navient Senior Note during the Securities Act Class Period (*i.e.*, from the initial offering of the Note through December 28, 2015, inclusive) that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formulas stated in paragraphs 16-18 below, that number will be zero.

### Navient 2020 Notes

16.   For each $1,000 in 2020 Notes purchased or otherwise acquired from the initial offering of the 2020 Notes on or about November 6, 2014 through December 28, 2015, inclusive, and:

(a)   Sold before the close of trading on February 11, 2016, the **Recognized Loss Amount** is equal to the lesser of: (i) the purchase price (not to exceed $993.65, the offering price of the 2020 Notes) *minus* the sale price; or (ii) the Section 11 Decline for the 2020 Notes on the date of purchase as stated in **Table E** *minus* the Section 11 Decline for the 2020 Notes on the date of sale as stated in **Table E**;

(b)   Sold after the close of trading on February 11, 2016 and prior to maturity, the **Recognized Loss Amount** is equal to the lesser of: (i) the purchase price (not to exceed $993.65, the offering price of the 2020 Notes) *minus* the sale price (not to be less than $855.56, the closing price of the 2020 Notes on the date of suit); or (ii) the Section 11 Decline for the 2020 Notes on the date of purchase as stated in **Table E**;

(c)   Held through maturity of the 2020 Notes in October 2020, the **Recognized Loss Amount** is zero.

### Navient 2021 Notes

17.   For each $1,000 in 2021 Notes purchased or otherwise acquired from the initial offering of the 2021 Notes on or about March 25, 2015 through December 28, 2015, inclusive, and:

(a)   Sold before the close of trading on February 11, 2016, the **Recognized Loss Amount** is equal to the lesser of: (i) the purchase price (not to exceed $993.79, the offering price of the 2021 Notes) *minus* the sale price; or (ii) the Section 11 Decline for the 2021 Notes on the date of purchase as

---

[8] The "value" of the put option on the date of exercise or expiration shall be the strike price of the option minus the closing price of Navient common stock on the date of exercise or expiration. If this number is less than zero, the value of the put option is zero.

stated in **Table E** *minus* the Section 11 Decline for the 2021 Notes on the date of sale as stated in **Table E**;

(b)   Sold after the close of trading on February 11, 2016 and prior to maturity, the **Recognized Loss Amount** is equal to the lesser of: (i) the purchase price (not to exceed of $993.79, the offering price of the 2021 Notes) *minus* the sale price (not to be less than $830.24, the closing price of the 2021 Notes on the date of suit); or (ii) the Section 11 Decline for the 2021 Notes on the date of purchase as stated in **Table E**.

(c)   Held through maturity of the 2021 Notes in March 2021, the **Recognized Loss Amount** is zero.

**Navient 2024 Notes**

18.   For each $1,000 in 2024 Notes purchased or otherwise acquired from the initial offering of the 2024 Notes on or about November 6, 2014 through December 28, 2015, inclusive, and:

(a)   Sold before the close of trading on February 11, 2016, the **Recognized Loss Amount** is equal to the lesser of: (i) the purchase price (not to exceed $990.75, the offering price of the 2024 Notes) *minus* the sale price; or (ii) the Section 11 Decline for the 2024 Notes on the date of purchase as stated in **Table E** *minus* the Section 11 Decline for the 2024 Notes on the date of sale as stated in **Table E**;

(b)   Sold after the close of trading on February 11, 2016 and prior to November 16, 2021 (the date of judgment), the **Recognized Loss Amount** is equal to the lesser of: (i) the purchase price (not to exceed $990.75, the offering price of the 2024 Notes) *minus* (b) the sale price (not to be less than $750.94, the closing price of the 2024 Notes on the date of suit); or (ii) the Section 11 Decline for the 2024 Notes on the date of purchase as stated in **Table E**;

(c)   Held through November 16, 2021 (the date of judgment), the **Recognized Loss Amount** is zero.

19.   **Adjustment to Recognized Loss Amounts Arising from Purchases/Acquisitions of Navient Senior Notes:**  To account for the fact that Plaintiffs' Securities Act claims based on the Navient Senior Notes did not require proof of scienter (i.e., Defendants' fraudulent knowledge or intent) and also did not require proof of loss causation (in contrast to the claims brought under the Exchange Act), Recognized Loss Amounts arising from purchases/acquisitions of Navient Senior Notes during the Securities Act Class Period will be increased by 15%.

## ADDITIONAL PROVISIONS

20.   The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 29 below) is $10.00 or greater.

21.   **Calculation of a Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above.

22.   **FIFO Matching:**  If a Class Member made more than one purchase/acquisition or sale of Navient common stock or options during the Exchange Act Class Period, all purchases/acquisitions and sales will be matched, for each unique security, on a First In, First Out ("FIFO") basis.  Exchange Act Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Exchange Act Class Period (with sales of Navient common stock matched first against any shares received in the Spin-Off Transaction).  Similarly, if a Class Member made more than one purchase/acquisition or sale of Navient Senior Notes during the Securities Act Class Period, all

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

25

purchases/acquisitions and sales will be matched, for each unique security, on a First In, First Out ("FIFO") basis. Securities Act Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Securities Act Class Period.

23.     **"Purchase/Acquisition/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase/acquisition price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions. If a claimant receives a Navient Security through the conversion of another security, the "purchase" price applied to that acquisition shall be the closing market price of the Navient Security on the date they are received.

24.     **"Purchase/Sale" Dates:** Purchases, acquisitions, and sales of Navient Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. Moreover, the receipt or grant by gift, inheritance, or operation of law of Navient Securities during the applicable Class Period shall not be deemed an eligible purchase, acquisition, or sale, nor shall the receipt or grant be deemed an assignment of any claim relating to the Navient Securities unless (i) the donor or decedent purchased or acquired the Navient Securities during the applicable Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

25.     **Short Sales:**  With respect to Navient common stock, the date of covering a "short sale" is deemed to be the date of purchase of the common stock.  The date of a "short sale" is deemed to be the date of sale of the Navient common stock.  "Short sales" and the purchases covering "short sales" shall not be entitled to recovery under the Plan of Allocation.

26.     If a Class Member has "written" Navient call options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option. The date on which the call option was written is deemed to be the date of sale of the call option. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "written" Navient call options is zero.

27.     If a Class Member has purchased or acquired Navient put options, thereby having a long position in the put options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the put option. The date on which the put option was sold, exercised, or expired is deemed to be the date of sale of the put option. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on purchased/acquired Navient put options is zero.

28.     **Derivatives and Options:**  With respect to Navient common stock purchased or sold through the exercise of an option, the purchase/sale date of the Navient common stock is the exercise date of the option and the purchase/sale price is the closing market price of the Navient common stock on the date of exercise.

29.     **Determination of Distribution Amount:**  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "**Distribution Amount**" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

30.     If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculations and no distribution will be made to that Authorized Claimant.

31.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution.  Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such further distributions, would be cost-effective. At such time as it is determined that the further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

32.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

33.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with Lead Plaintiffs' damages expert.  The Court may approve this Plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.NavientSecuritiesLitigation.com.

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

27

**TABLE A**

**Estimated Artificial Inflation in Navient Common Stock
from April 17, 2014 through and including October 1, 2015**

| Date Range | Artificial Inflation Per Share |
|---|---|
| April 17, 2014 – May 11, 2014 | $1.44 |
| May 12, 2014 – July 16, 2014 | $1.71 |
| July 17, 2014 – October 15, 2014 | $2.10 |
| October 16, 2014 – April 21, 2015 | $2.50 |
| April 22, 2015 – July 13, 2015 | $2.49 |
| July 14, 2015 – July 21, 2015 | $0.82 |
| July 22, 2015 – September 28, 2015 | $0.74 |
| September 29, 2015 | $0.46 |
| September 30, 2015 | $0.15 |
| October 1, 2015 and later | $0.00 |

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

28

**TABLE B**
**90-Day Look-Back Table for Navient Common Stock**
**(Average Closing Price: October 1, 2015 – December 29, 2015)**

| Date | Average Closing Price from October 1, 2015 through Date | Date | Average Closing Price from October 1, 2015 through Date | Date | Average Closing Price from October 1, 2015 through Date |
|---|---|---|---|---|---|
| 10/1/2015 | $10.96 | 10/30/2015 | $12.38 | 12/1/2015 | $12.38 |
| 10/2/2015 | $11.00 | 11/2/2015 | $12.43 | 12/2/2015 | $12.38 |
| 10/5/2015 | $11.16 | 11/3/2015 | $12.47 | 12/3/2015 | $12.36 |
| 10/6/2015 | $11.28 | 11/4/2015 | $12.51 | 12/4/2015 | $12.35 |
| 10/7/2015 | $11.42 | 11/5/2015 | $12.54 | 12/7/2015 | $12.35 |
| 10/8/2015 | $11.53 | 11/6/2015 | $12.56 | 12/8/2015 | $12.33 |
| 10/9/2015 | $11.59 | 11/9/2015 | $12.58 | 12/9/2015 | $12.32 |
| 10/12/2015 | $11.63 | 11/10/2015 | $12.58 | 12/10/2015 | $12.32 |
| 10/13/2015 | $11.66 | 11/11/2015 | $12.58 | 12/11/2015 | $12.32 |
| 10/14/2015 | $11.67 | 11/12/2015 | $12.57 | 12/14/2015 | $12.32 |
| 10/15/2015 | $11.70 | 11/13/2015 | $12.55 | 12/15/2015 | $12.32 |
| 10/16/2015 | $11.75 | 11/16/2015 | $12.53 | 12/16/2015 | $12.33 |
| 10/19/2015 | $11.79 | 11/17/2015 | $12.52 | 12/17/2015 | $12.33 |
| 10/20/2015 | $11.85 | 11/18/2015 | $12.50 | 12/18/2015 | $12.32 |
| 10/21/2015 | $11.92 | 11/19/2015 | $12.48 | 12/21/2015 | $12.31 |
| 10/22/2015 | $11.98 | 11/20/2015 | $12.46 | 12/22/2015 | $12.30 |
| 10/23/2015 | $12.08 | 11/23/2015 | $12.45 | 12/23/2015 | $12.30 |
| 10/26/2015 | $12.16 | 11/24/2015 | $12.43 | 12/24/2015 | $12.31 |
| 10/27/2015 | $12.22 | 11/25/2015 | $12.42 | 12/28/2015 | $12.29 |
| 10/28/2015 | $12.30 | 11/27/2015 | $12.40 | 12/29/2015 | $12.28 |
| 10/29/2015 | $12.34 | 11/30/2015 | $12.39 | | |

**TABLE C – CALL OPTIONS**
**Available online at www.NavientSecuritiesLitigation.com**

**TABLE D – PUT OPTIONS**
**Available online at www.NavientSecuritiesLitigation.com**

**TABLE E**
**Section 11 Decline Amounts (per $1,000 Note)**

| Date Range | 2020 Note | 2021 Note | 2024 Note |
|---|---|---|---|
| Date of Issuance – July 13, 2015 | $156.22 | $152.26 | $154.81 |
| July 15, 2015 – September 28, 2015 | $97.67 | $72.18 | $81.70 |
| September 29, 2015 – December 27, 2015 | $39.69 | $14.03 | $55.16 |
| December 28, 2015 and later | $0.00 | $0.00 | $0.00 |

Questions? Call 1-833-358-1847 or visit www.NavientSecuritiesLitigation.com

30

# EXHIBIT A-2

**Exhibit A-2**

# PROOF OF CLAIM AND RELEASE FORM

*Navient Securities Litigation*

**Toll-Free Number:  1-833-358-1847**
**Email:  info@NavientSecuritiesLitigation.com**
**Website:  www.NavientSecuritiesLitigation.com**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at www.NavientSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or received by no later than _____, 2022.**

> **Mail to:**     ***Navient Securities Litigation***
> **c/o JND Legal Administration**
> **P.O. Box 91402**
> **Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | [___] |
| **PART II – GENERAL INSTRUCTIONS** | [___] |
| **PART III – SCHEDULE OF TRANSACTIONS IN NAVIENT COMMON STOCK** | [___] |
| **PART IV – SCHEDULE OF TRANSACTIONS IN NAVIENT 5.000% SENIOR NOTES DUE 2020 (CUSIP 63938CAA6)** | [___] |
| **PART V – SCHEDULE OF TRANSACTIONS IN NAVIENT 5.875% SENIOR NOTES DUE 2021 (CUSIP 63938CAC2)** | [___] |
| **PART VI – SCHEDULE OF TRANSACTIONS IN NAVIENT 5.875% SENIOR NOTES DUE 2024 (CUSIP 63938CAB4)** | [___] |
| **PART VII – SCHEDULE OF TRANSACTIONS IN NAVIENT CALL OPTIONS** | [___] |
| **PART VIII – SCHEDULE OF TRANSACTIONS IN NAVIENT PUT OPTIONS** | [___] |
| **PART IX – RELEASE OF CLAIMS AND SIGNATURE** | [___] |

## PART I – CLAIMANT INFORMATION

Please read "Part II – General Instructions," below, before completing this "Part I - Claimant Information." The Claims Administrator will use the information provided for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name

MI

Beneficial Owner's Last Name

Joint Beneficial Owner's First Name (*if applicable*)

MI

Joint Beneficial Owner's Last Name (*if applicable*)

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City

State/Province

Zip Code

Foreign Postal Code (*if applicable*)

Foreign Country (*if applicable*)

Telephone Number (Day)

Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ UGMA   Custodian ☐ IRA   ☐ Partnership

☐ Estate        ☐ Trust      ☐ Other (describe): _____

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses that accompanies this Claim Form, including the proposed Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to:

(1) All persons and entities who purchased or otherwise acquired Navient Corporation's ("Navient") common stock or Navient call options, or sold Navient put options, from April 17, 2014 through September 29, 2015, inclusive (the "Exchange Act Class Period")—and who were damaged thereby (the "Exchange Act Class"). For the avoidance of doubt, the Exchange Act Class includes all persons and entities who received shares as part of Navient's formation through a spin-off from Sallie Mae;[1] and

(2) All persons and entities who purchased or otherwise acquired Navient's 5.000% Senior Notes due 2020 (CUSIP 63938CAA6), 5.875% Senior Notes due 2024 (CUSIP 63938CAB4), and 5.875% Senior Notes due 2021 (CUSIP 63938CAC2) (collectively, "Navient Senior Notes," and together with Navient common stock, call options, and put options, "Navient Securities") from November 6, 2014 through December 28, 2015, inclusive (the "Securities Act Class Period")—and who were damaged thereby[2] (the "Securities Act Class," and together with the Exchange Act Class, the "Classes").

3.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A MEMBER OF AT LEAST ONE OF THE CLASSES, DO NOT SUBMIT A CLAIM FORM; **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASSES, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

---

[1] Excluded from the Exchange Act Class are Defendants, their officers and directors, all members of their immediate families, their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have a majority ownership interest.

[2] Excluded from the Securities Act Class are Defendants, their officers and directors, all members of their immediate families, their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have a majority ownership interest.

5.      Use the Schedules of Transactions in Parts III to VIII of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of the applicable Navient Securities.  On these schedules, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable Navient Securities, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the applicable Navient Securities set forth in the Schedules of Transactions in Parts III to VIII of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Navient Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.    FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Navient Securities.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Navient Securities in your own name, you were the beneficial owner as well as the record owner.  If, however, your Navient Securities were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the security, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8.      **One Claim should be submitted for each separate legal entity or separately managed account**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity, including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Navient Securities made on behalf of a single beneficial owner.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)      expressly state the capacity in which they are acting;

      (b)      identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Navient Securities; and

      (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form

cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Navient Securities you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Legal Administration, at the above address, by email at info@NavientSecuritiesLitigation.com, or by toll-free phone at 1-833-358-1847, or you can visit the Settlement website, www.NavientSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.     NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.NavientSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at NVSSecurities@JNDLA.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* Paragraph 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at NVSSecurities@JNDLA.com to inquire about your file and confirm it was received.**

<div align="center">**IMPORTANT: PLEASE NOTE**</div>

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN**

**ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-833-358-1847.**

## PART III – SCHEDULE OF TRANSACTIONS IN NAVIENT COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Navient common stock during the period from April 17, 2014 through and including September 29, 2015, including shares received as part of Navient's formation through a spin-off from Sallie Mae in 2014 (the "Spin-Off Transaction"). Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than Navient common stock in this section.

| | Confirm Proof of Shares Received in Spin-off Transaction Enclosed |
|---|---|
| **1. SHARES RECEIVED IN THE SPIN-OFF TRANSACTION** – State the total number of shares of Navient common stock received as part of Navient's formation through a spin-off from Sallie Mae in 2014. (Must be documented.) If none, write "zero" or "0." _____ | |

**2. PURCHASES/ACQUISITIONS FROM APRIL 17, 2014 THROUGH SEPTEMBER 29, 2015 (EXCLUDING SHARES RECEIVED IN THE SPIN-OFF TRANSACTION)** – Separately list each and every purchase/acquisition (including free receipts) of Navient common stock from April 17, 2014 through and including September 29, 2015. (Must be documented.). *If you received shares of Navient common stock in the Spin-Off Transaction, use Section 1 above to provide the number of shares received in the Spin-Off Transaction. Do not include information regarding any shares of Navient common stock received in the Spin-Off Transaction in this Section 2.*

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/Acquisition Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| **3. PURCHASES/ACQUISITIONS FROM SEPTEMBER 30, 2015 THROUGH DECEMBER 29, 2015** – State the total number of shares of Navient common stock purchased/acquired (including free receipts) from September 30, 2015 through and including December 29, 2015.[3] (Must be documented.) If none, write "zero" or "0." _____ | | | | **IF NONE, CHECK HERE** ○ |
| **4. SALES FROM APRIL 17, 2014 THROUGH DECEMBER 29, 2015** – Separately list each and every sale/disposition (including free deliveries) of Navient common stock from April 17, 2014 through and including December 29, 2015. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /     / | | $ | $ | ○ |

---

[3] Information requested with respect to your purchases of Navient common stock from September 30, 2015 through and including December 29, 2015 is needed in order to balance your claim; purchases of Navient common stock during this period, however, are not eligible for recovery under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

| / / | | $ | $ | ○ |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| **5. HOLDINGS AS OF DECEMBER 29, 2015 –** State the total number of shares of Navient common stock held as of the close of trading on December 29, 2015. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed<br>○ |

| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** | |
|---|---|

## PART IV – SCHEDULE OF TRANSACTIONS IN
## NAVIENT 5.000% SENIOR NOTES DUE 2020 (CUSIP 63938CAA6)

Complete this Part IV if and only if you purchased or otherwise acquired Navient 5.000% Senior Notes due 2020 (CUSIP 63938CAA6) ("Navient 2020 Notes") during the period from the initial public offering of the security on or about November 6, 2014 through and including December 28, 2015.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above.  Do not include information regarding securities other than the Navient 2020 Notes in this section.

| **1. PURCHASES/ACQUISITIONS FROM INITIAL PUBLIC OFFERING THROUGH DECEMBER 28, 2015** – Separately list each and every purchase/acquisition (including free receipts) of Navient 2020 Notes from the initial public offering of the security on or about November 6, 2014 through and including December 28, 2015.  (Must be documented.) | | | | |
|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/Acquired | Purchase/Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
| /    / | $ | $ | $ | ○ |
| /    / | $ | $ | $ | ○ |
| /    / | $ | $ | $ | ○ |
| /    / | $ | $ | $ | ○ |

| **2. PURCHASES/ACQUISITIONS FROM DECEMBER 29, 2015 THROUGH MATURITY IN OCTOBER 2020** – State the total face value of Navient 2020 Notes purchased/acquired (including free receipts) from December 29, 2015 through and including the maturity of the notes in October 2020.[4]  (Must be documented.)  If none, write "zero" or "0." _____ | **IF NONE, CHECK HERE** |
|---|---|
| **3. SALES FROM INITIAL PUBLIC OFFERING THROUGH MATURITY IN OCTOBER 2020** – Separately list each and every sale/disposition (including free deliveries) of Navient 2020 Notes from the initial public offering of the security on or about November 6, 2014 through and including the maturity of the notes in October 2020. (Must be documented.) | **IF NONE, CHECK HERE** ○ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | $ | $ | $ | ○ |
| /    / | $ | $ | $ | ○ |
| /    / | $ | $ | $ | ○ |

---

[4] Information requested with respect to your purchases/acquisitions of Navient 2020 Notes from December 29, 2015 through and including the maturity of the notes in October 2020 is needed in order to balance your claim; purchases of Navient 2020 Notes during this period, however, are not eligible for recovery under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

| / / | $ | $ | $ | ○ |
|---|---|---|---|---|

**4.  HOLDINGS THROUGH MATURITY –** State the total face value of Navient 2020 Notes held through maturity in October 2020.  (Must be documented.)  If none, write "zero" or "0."  _____

Confirm Proof of Position Enclosed
○

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐
PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF THE SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

## PART V – SCHEDULE OF TRANSACTIONS IN
## NAVIENT 5.875% SENIOR NOTES DUE 2021 (CUSIP 63938CAC2)

Complete this Part V if and only if you purchased or otherwise acquired Navient 5.875% Senior Notes due 2021 (CUSIP 63938CAC2) ("Navient 2021 Notes") during the period from the initial public offering of the security on or about on or about March 25, 2015 through and including December 28, 2015.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above.  Do not include information regarding securities other than the Navient 2021 Notes in this section.

**1.  PURCHASES/ACQUISITIONS FROM INITIAL PUBLIC OFFERING THROUGH DECEMBER 28, 2015** – Separately list each and every purchase/acquisition (including free receipts) of Navient 2021 Notes from the initial public offering of the security on or about March 25, 2015 through and including December 28, 2015.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/Acquired | Purchase/Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /     / | $ | $ | $ | ○ |
| /     / | $ | $ | $ | ○ |
| /     / | $ | $ | $ | ○ |
| /     / | $ | $ | $ | ○ |

| | |
|---|---|
| **2.  PURCHASES/ACQUISITIONS FROM DECEMBER 29, 2015 THROUGH MATURITY IN MARCH 2021** – State the total face value of Navient 2021 Notes purchased/acquired (including free receipts) from December 29, 2015 through and including the maturity of the notes in March 2021.[5]  (Must be documented.)  If none, write "zero" or "0." _____ | **IF NONE, CHECK HERE** |
| **3.  SALES FROM INITIAL PUBLIC OFFERING THROUGH MATURITY IN MARCH 2021** – Separately list each and every sale/disposition (including free deliveries) of Navient 2021 Notes from the initial public offering of the security on or about March 25, 2015 through and including the maturity of the notes in March 2021. (Must be documented.) | **IF NONE, CHECK HERE** ○ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /     / | $ | $ | $ | ○ |
| /     / | $ | $ | $ | ○ |
| /     / | $ | $ | $ | ○ |

---

[5] Information requested with respect to your purchases/acquisitions of Navient 2021 Notes from December 29, 2015 through and including the maturity of the notes in March 2021 is needed in order to balance your claim; purchases of Navient 2021 Notes during this period, however, are not eligible for recovery under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

| /    / | $ | $ | $ | ○ |
|---|---|---|---|---|
| **4.  HOLDINGS THROUGH MATURITY –** State the total face value of Navient 2021 Notes held through maturity in March 2021.  (Must be documented.)  If none, write "zero" or "0."  _____ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF THE SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

## PART VI – SCHEDULE OF TRANSACTIONS IN
## NAVIENT 5.875% SENIOR NOTES DUE 2024 (CUSIP 63938CAB4)

Complete this Part VI if and only if you purchased or otherwise acquired Navient 5.875% Senior Notes due 2024 (CUSIP 63938CAB4) ("Navient 2024 Notes") during the period from the initial public offering of the security on or about November 6, 2014 through and including December 28, 2015.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above.  Do not include information regarding securities other than the Navient 2024 Notes in this section.

| | | | | |
|---|---|---|---|---|
| **1.  PURCHASES/ACQUISITIONS FROM INITIAL PUBLIC OFFERING THROUGH DECEMBER 28, 2015** – Separately list each and every purchase/acquisition (including free receipts) of Navient 2024 Notes from the initial public offering of the security on or about November 6, 2014) through and including December 28, 2015.  (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value of Notes Purchased/Acquired | Purchase/Acquisition Price Per $1,000 Face Value | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
| /    / | $ | $ | $ | ○ |
| /    / | $ | $ | $ | ○ |
| /    / | $ | $ | $ | ○ |
| /    / | $ | $ | $ | ○ |
| **2.  PURCHASES/ACQUISITIONS FROM DECEMBER 29, 2015 THROUGH NOVEMBER 16, 2021** – State the total face value of Navient 2024 Notes purchased/acquired (including free receipts) from December 29, 2015 through and including November 16, 2021.[6]  (Must be documented.)  If none, write "zero" or "0." _____ | | | | **IF NONE, CHECK HERE** ○ |
| **3.  SALES FROM INITIAL PUBLIC OFFERING THROUGH NOVEMBER 16, 2021** – Separately list each and every sale/disposition (including free deliveries) of Navient 2024 Notes from the initial public offering of the security or about November 6, 2014 through and including November 16, 2021. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |

---

[6] Information requested with respect to your purchases/acquisitions of Navient 2024 Notes from December 29, 2015 through and including November 16, 2021 is needed in order to balance your claim; purchases of Navient 2024 Notes during this period, however, are not eligible for recovery under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Face Value of Notes Sold | Sale Price Per $1,000 Face Value | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | $ | $ | $ | ○ |
| /    / | $ | $ | $ | ○ |
| /    / | $ | $ | $ | ○ |
| /    / | $ | $ | $ | ○ |
| **4.  HOLDINGS AS OF NOVEMBER 16, 2021 –** State the total face value of Navient 2024 Notes held through the close of trading on November 16, 2021.   (Must be documented.)   If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF THE SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

## PART VII – SCHEDULE OF TRANSACTIONS IN NAVIENT CALL OPTIONS

Complete this Part VII if and only if you purchased or acquired call options on Navient common stock ("Navient call options") during the period from April 17, 2014 through and including September 29, 2015. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above.  Do not include information regarding securities other than Navient call options in this section.

**1.  PURCHASES/ACQUISITIONS FROM APRIL 17, 2014 THROUGH SEPTEMBER 30, 2015** – Separately list each and every purchase/acquisition (including free receipts) of Navient call option contracts from April 17, 2014 through and including September 30, 2015.[7] (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/ Year) | Number of Call Option Contracts Purchased/Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| /   / | $ | /   / |  | $ | $ |  | /  / |
| /   / | $ | /   / |  | $ | $ |  | /  / |
| /   / | $ | /   / |  | $ | $ |  | /  / |
| /   / | $ | /   / |  | $ | $ |  | /  / |

**2.  SALES FROM APRIL 17, 2014 THROUGH SEPTEMBER 30, 2015** – Separately list each and every sale/disposition (including free deliveries) of Navient call option contracts from April 17, 2014 through and including September 30, 2015. (Must be documented.)   **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/ Year) | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract (not deducting taxes, commissions, and fees) | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| /   / | $ | /   / |  |  | $ | $ | /  / |
| /   / | $ | /   / |  |  | $ | $ | /  / |

---

[7] Information requested with respect to your purchases/acquisitions of Navient call options on September 30, 2015 is needed in order to balance your claim; purchases of Navient call options on this date, however, are not eligible for recovery under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

| / / | $ | / / | | $ | $ | / / |
|-----|---|-----|---|---|---|-----|
| / / | $ | / / | | $ | $ | / / |

**3. HOLDINGS AS OF SEPTEMBER 30, 2015** – Separately list all positions in Navient call option contracts in which you had an open interest as of the close of trading on September 30, 2015. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|
| $ | / / | |
| $ | / / | |
| $ | / / | |
| $ | / / | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

## PART VIII – SCHEDULE OF TRANSACTIONS IN NAVIENT PUT OPTIONS

Complete this Part VIII if and only if you sold (wrote) put options on Navient common stock ("Navient put options") during the period from April 17, 2014 through and including September 29, 2015.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above.  Do not include information regarding securities other than Navient put options in this section.

**1. SALES (WRITING) FROM APRIL 17, 2014 THROUGH SEPTEMBER 30, 2015** – Separately list each and every sale (writing) (including free deliveries) of Navient put option contracts from April 17, 2014 through and including September 30, 2015.[8] (Must be documented.)

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (not deducting taxes, commissions, and fees) | Insert an "A" if Assigned  Insert an "X" if Expired | Assignment Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|
| /    / | $ | /    / | | $ | $ | | /    / |
| /    / | $ | /    / | | $ | $ | | /    / |
| /    / | $ | /    / | | $ | $ | | /    / |
| /    / | $ | /    / | | $ | $ | | /    / |

| **2. PURCHASES/ACQUISITIONS FROM APRIL 17, 2014 THROUGH SEPTEMBER 30, 2015** – Separately list each and every purchase and acquisition (including free receipts) of Navient put option contracts from April 17, 2014 through and including September 30, 2015. (Must be documented.) | | | | | | **IF NONE, CHECK HERE** ○ | |
|---|---|---|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned  Insert an "X" if Expired | Assignment Date (Month/ Day/ Year) |
| /    / | $ | /    / | | | $ | $ | /    / |
| /    / | $ | /    / | | | $ | $ | /    / |
| /    / | $ | /    / | | | $ | $ | /    / |
| /    / | $ | /    / | | | $ | $ | /    / |

---

[8] Information requested with respect to your sales (writing) of Navient put options on September 30, 2015 is needed in order to balance your claim; sales (writing) of Navient put options on this date, however, are not eligible for recovery under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

| 4. **HOLDINGS AS OF SEPTEMBER 30, 2015 – S**eparately list all positions in Navient put option contracts in which you had an open interest as of the close of trading on September 30, 2015.  (Must be documented.) | | **IF NONE, CHECK HERE**<br>○ |
|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS/HOLDINGS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART IX - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [__] OF THIS CLAIM FORM.**

**Release of Claims by Members of the Exchange Act Class:**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the Claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Exchange Act Claims against Defendants and the other Defendants' Releasees, whether or not I (we) execute and deliver this Proof of Claim Form, and whether or not I (we) share or seek to share in the Settlement Fund, and shall forever be barred and enjoined from prosecuting any and all Released Exchange Act Claims against any of the Defendants' Releasees.

**Release of Claims by Members of the Securities Act Class:**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the Claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Securities Act Claims against Defendants and the other Defendants' Releasees, whether or not I (we) execute and deliver this Proof of Claim Form, and whether or not I (we) share or seek to share in the Settlement Fund, and shall forever be barred and enjoined from prosecuting any and all Released Securities Act Claims against any of the Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Classes as set forth in the Notice;

3.      that I (we) own(ed) the Navient Securities identified in this Claim Form and have not assigned the Claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) has (have) not submitted any other Claim covering the same purchases, acquisitions, or sales of Navient Securities and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

8.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the Claimant(s) is (are) exempt from backup withholding or (ii) the Claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the Claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE

_____

Signature of Claimant                                                                      Date

_____

Print Claimant name here

_____

Signature of joint Claimant, if any                                                  Date

_____

Print joint Claimant name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant                                    Date

_____

Print name of person signing on behalf of Claimant here

_____

Capacity of person signing on behalf of Claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – see Paragraph 9 on page [___] of this Claim Form.)

## REMINDER CHECKLIST:

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your Claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-833-358-1847.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@NavientSecuritiesLitigation.com, or by toll-free phone at 1-833-358-1847, or you may visit www.NavientSecuritiesLitigation.com.  DO NOT call Navient or its counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE SUBMITTED ONLINE USING THE SETTLEMENT WEBSITE, WWW.NAVIENTSECURITIESLITIGATION.COM, **NO LATER THAN _____, 2022**, OR MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2022**, ADDRESSED AS FOLLOWS:

*Navient Securities Litigation*
**c/o JND Legal Administration**
**P.O. Box 91402**
**Seattle, WA 98111**

A Claim Form received by the Claims Administrator via mail shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2022 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

Exhibit A-3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LORD ABBETT AFFILIATED FUND, INC.,
*et al.*, Individually and On Behalf of All Others
Similarly Situated,

                     *Plaintiffs*,

          v.

NAVIENT CORPORATION, *et al.*,

                    *Defendant*s.

C.A. No. 16-112-MN

Judge Maryellen Noreika

## SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

TO:    (1) All persons and entities who purchased or otherwise acquired Navient Corporation's ("Navient") common stock or Navient call options, or sold Navient put options, from April 17, 2014 through September 29, 2015—and who were damaged thereby (the "Exchange Act Class");[1] and

        (2) All persons and entities who purchased or otherwise acquired Navient's 5.000% Senior Notes due 2020 (CUSIP 63938CAA6), 5.875% Senior Notes due 2024 (CUSIP 63938CAB4), and 5.875% Senior Notes due 2021 (CUSIP 63938CAC2) from November 6, 2014 through December 28, 2015, inclusive—and who were damaged thereby (the "Securities Act Class," and together with the Exchange Act Class, the "Classes").[2]

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

        YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Delaware (the "Court"), that lead plaintiffs and class representatives Lord Abbett Affiliated Fund, Inc., Lord Abbett Equity Trust–Lord Abbett Calibrated Mid Cap Value Fund, Lord Abbett Bond-Debenture Fund, Inc., and Lord Abbett Investment Trust–Lord Abbett High Yield Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Classes in the above-captioned

---

[1] For the avoidance of doubt, the Exchange Act Class includes all persons and entities who received shares as part of Navient's formation through a spin-off from Sallie Mae—and who were damaged thereby.

[2] Certain persons and entities are excluded from the Classes by definition and others are excluded pursuant to request.  The full definition of the Classes including a complete description of who is excluded from the Classes is set forth in the full Settlement Notice referred to below.

securities class action (the "Action"), have reached a proposed settlement of the Action with defendants Navient, John F. Remondi, Somsak Chivavibul, John Kane, William M. Diefenderfer, III, Ann Torre Bates, Diane Suitt Gilleland, Linda Mills, Barry A. Munitz, Steven L. Shapiro, Jane J. Thompson, Barry L. Williams, Barclays Capital Inc., Credit Suisse Securities USA LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co. (n/k/a Goldman Sachs & Co. LLC), J.P. Morgan Securities, LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.), RBC Capital Markets, LLC, RBS Securities Inc. (n/k/a NatWest Markets Securities Inc.), and Wells Fargo Securities, LLC (collectively, "Defendants") for $35,000,000 in cash that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2022 at __:__ _.m., before the Honorable Maryellen Noreika either in person at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, Courtroom 4A, 844 North King Street, Wilmington, DE 19801-3555, or by telephone or videoconference (in the discretion of the Court) to, among other things: (i) determine whether the proposed Settlement on the terms and conditions provided for in the Parties' Stipulation and Agreement of Settlement dated November 16, 2021 (the "Stipulation") is fair, reasonable, and adequate to the Classes, and should be finally approved by the Court; (ii) determine whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iii) determine whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses (including an award to Lead Plaintiffs) should be approved; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of one or both of the Classes, your rights will be affected by the Settlement, and you may be entitled to share in the Net Settlement Fund**.  If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at *Navient Securities Litigation*, c/o JND Legal Administration, P.O. Box 91154, Seattle, WA 98111, 1-833-358-1847, info@NavientSecuritiesLitigation.com.  Copies of the Settlement Notice and Claim Form can also be downloaded from the website for the Action, www.NavientSecuritiesLitigation.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* **(if mailed), or online through the case website, www.NavientSecuritiesLitigation.com, no later than _____, 2022**.  If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, must be filed with the Court and delivered to Lead Counsel and counsel for Defendants such that they are *received* **no later than _____, 2022**, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Clerk's office, Navient, any other Defendants in the Action, or their counsel regarding this notice.  All questions about this notice, the**

**proposed Settlement, or your eligibility to participate in the Settlement should be directed the Claims Administrator or Lead Counsel.**

Requests for the Settlement Notice and Claim Form should be made to:

*Navient Securities Litigation*
c/o JND Legal Administration
P.O. Box 91402
Seattle, WA 98111

1-833-358-1847
info@NavientSecuritiesLitigation.com
www.NavientSecuritiesLitigation.com

Inquiries, other than requests for the Settlement Notice and Claim Form, may be made to Lead Counsel:

Jeremy P. Robinson, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020

1-800-380-8496
settlements@blbglaw.com

BY ORDER OF THE COURT
United States District Court
District of Delaware

# EXHIBIT B

<div align="right">**Exhibit B**</div>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LORD ABBETT AFFILIATED FUND, INC., *et al.*, Individually and On Behalf of All Others Similarly Situated,<br><br><div align="center">*Plaintiffs*,</div><br><div align="center">v.</div><br>NAVIENT CORPORATION, *et al.*,<br><br><div align="center">*Defendants*.</div> | C.A. No. 16-112-MN<br><br>Judge Maryellen Noreika |

### [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *Lord Abbett Affiliated Fund, Inc., et al. v. Navient Corporation, et al.*, No. 1:16-cv-00112-MN (the "Action");

WHEREAS, by Order dated September 2, 2020 (D.I. 174), this Court certified the Action to proceed as a class action on behalf of following classes (the "Classes"):

        (a)     For claims brought pursuant to the Securities Exchange Act of 1934 (the "Exchange Act Class"): all persons and entities who purchased or otherwise acquired Navient Corporation's ("Navient") common stock or Navient call options, or sold Navient put options, from April 17, 2014 through September 29, 2015, inclusive (the "Exchange Act Class Period")— and who were damaged thereby.[1]

        (b)     For claims brought pursuant to the Securities Act of 1933 (the "Securities Act Class"): all persons and entities who purchased or otherwise acquired Navient's 5.000%

---

[1] For the avoidance of doubt, the Exchange Act Class includes all persons and entities who received shares as part of Navient's formation through a spin-off from Sallie Mae.

Senior Notes due 2020 (CUSIP 63938CAA6), 5.875% Senior Notes due 2024 (CUSIP 63938CAB4), and 5.875% Senior Notes due 2021 (CUSIP 63938CAC2) (collectively, "Navient Senior Notes") from November 6, 2014 through December 28, 2015, inclusive (the "Securities Act Class Period")—and who were damaged thereby.[2]

WHEREAS, the Court's September 2, 2020 Order also appointed Lord Abbett Affiliated Fund, Inc., Lord Abbett Equity Trust–Lord Abbett Calibrated Mid Cap Value Fund, Lord Abbett Bond-Debenture Fund, Inc., and Lord Abbett Investment Trust–Lord Abbett High Yield Fund (collectively, the "Lord Abbett Funds" or "Lead Plaintiffs") as Class Representatives for the Classes; and appointed Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel") as Class Counsel for the Classes;

WHEREAS, by Order dated April 12, 2021, the Court approved the form and manner of providing notice to potential Class Members (the "Class Notice") to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the Classes; (c) their right to request to be excluded from one or both of the Classes, (d) the effect of remaining in the Classes or requesting exclusion, (e) and the requirements for requesting exclusion (D.I. 226) (the "Class Notice Order");

WHEREAS, pursuant to the Class Notice Order, the Class Notice was disseminated to potential Class Members who could be identified through reasonable effort (D.I. 283);

WHEREAS, the Class Notice provided sufficient opportunity for those putative Class Members who wished to exclude themselves from one or both of the Classes to do so;

---

[2] Excluded from both Classes are: Defendants, their officers and directors, all members of their immediate families, their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have a majority ownership interest.  Also excluded from the Classes are the persons and entities who requested exclusion from the Classes in connection with the Class Notice, as listed in Appendix 1 to the Stipulation (defined below).

WHEREAS, pursuant to the Class Notice, ten (10) persons and entities requested exclusion from the Classes.  A list of the persons and entities who requested exclusion pursuant to the Class Notice is attached as Appendix 1 to the Stipulation;

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Classes, and (b) defendants Navient, John F. Remondi, Somsak Chivavibul, John Kane, William M. Diefenderfer, III, Ann Torre Bates, Diane Suitt Gilleland, Linda Mills, Barry A. Munitz, Steven L. Shapiro, Jane J. Thompson, Barry L. Williams, Barclays Capital Inc., Credit Suisse Securities USA LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co. (n/k/a Goldman Sachs & Co. LLC), J.P. Morgan Securities, LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.), RBC Capital Markets, LLC, RBS Securities Inc. (n/k/a NatWest Markets Securities Inc.), and Wells Fargo Securities, LLC (collectively, "Defendants") have entered into a Stipulation and Agreement dated November 16, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2021 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice of the Settlement has been given to the Classes and the provisions of the Preliminary Approval Order as to notice were complied with;

WHEREAS, the Court conducted a hearing on _____, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Classes, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____, 2021; and (b) the Settlement Notice and the Summary Settlement Notice, both of which were filed with the Court on _____, 2022.

3. **Settlement Notice** – The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the

4

circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.

4.   **CAFA Notice** – Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA").  Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State.  The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8).  The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

5.   **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Classes.  Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Classes; (b) the Settlement

5

was negotiated by the Parties at arm's length and in good faith; (c) the relief provided for the Classs under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Classes; and the proposed attorneys' fee award; and (d) the Settlement treats Class Members equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8.      **Releases** – The Releases set forth in paragraphs 4, 5, and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other members of the Exchange Act Class, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all

Released Exchange Act Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Exchange Act Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Exchange Act Claims; and

        (b)     Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other members of the Securities Act Class, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Securities Act Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Securities Act Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Securities Act Claims.

        (c)     Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiffs' Releasees.  This Release shall not apply to any of the Excluded Defendants' Claims.

9.      Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10.      **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11.      **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation and/or this Judgment to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

12.      **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

13.     Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

15.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on October 8, 2021, as provided in the Stipulation.

16.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2022.

_____
The Honorable Maryellen Noreika
United States District Judge